JOHNSON v. THE ITEM CO., LTD.

---

(April 1, 1929. Opinion and Decree.)
(April 15, 1929. Rehearing Refused.)

---

Gerald Netter, of New Orleans, attorney for plaintiff, appellee.

Henry & Cooper, and A. M. Suthon, of New Orleans, attorneys for defendant, appellant.

JANVIER, J. Plaintiff sues for $107.60, damage caused to his automobile as a result of a collision with a truck of defendant company, at the corner of Banks Street and Jefferson Davis Parkway, in this city.

Plaintiff, with his three children in his car, was driving in Banks Street, towards the Mississippi River, and the truck of defendant was being driven by the negro chauffeur on Jefferson Davis Parkway in an uptown direction.

Both Banks Street and Jefferson Davis Parkway have neutral grounds, and on the neutral ground of Banks Street, there are palms which, to some extent, seem to have obstructed the view of plaintiff, as they were on his left, and it was from that side that the Item truck was approaching.

Plaintiff charges that the truck was running at a tremendous speed, which he estimated as about fifty-five miles an hour, and that it failed to give any warning of its approach.

Defendant admits that the driver of its truck was negligent, but contends that the evidence offered by plaintiff shows that he, himself, was negligent in failing to keep a proper lookout, and, that had he been on the alert and had he looked before he entered the intersection, he would have seen the truck approaching, and would not have driven out into its path.

A reading of the evidence, particularly that offered by plaintiff convinces us that he did not stop or look before he entered the intersection, and, that, but for his negligence in this regard, the collision would not have occurred, notwithstanding the negligence of defendants' driver.

It should be borne in mind that the Item truck was "hugging" the neutral ground of Jefferson Davis Parkway, so that from the direction from which plaintiff's car came into its path, plaintiff had to cross the whole driveway which is about forty feet wide.

Therefore, even though plaintiff's view was, to some extent, obstructed just before he entered the intersection, still, had he looked at the moment of entering, and had he had his car under the control which the law requires under such circumstances, he would instantly have seen defendants' truck and would have stopped in a few feet.

That plaintiff did not look just as he entered the intersection is admitted by him.

He testifies on this point as follows:

"Q. Why could you not see him?
"A. I did not look to my left."

One of plaintiff's sons says that his brother called his father's attention to the approaching truck. He says:

"My brother called my father's attention to this man coming fast."

At the time this warning was given, the truck had not yet reached the other side of Banks Street. The same witness testifies in this regard, as follows:

"Q. You looked up when your brother first called attention?
"A. Yes.
"Q. Where was the Item truck then?
"A. A little up on the other side of Banks Street.
"Q. It had not gotten to the intersection?
"A. No.
"Q. It had not entered the first roadway?
"A. No."

The older brother who called plaintiff's attention to the truck makes a very significant statement:

"Q. Who called your father's attention to the truck?
"A. I did when I saw it coming fast, thinking he did not see it."

Even when one has the right of way, he is not relieved from the necessity of looking into the direction from which others may be expected to approach, and where such care would, as in the case here, have prevented the accident, he who fails to look cannot recover, even though the other party was grossly at fault.

On neutral ground streets, each driveway is a one-way street, and for this reason, plaintiff was required to look only in one direction. Had he looked in that direction he would have seen the truck. Had he seen it, he could have stopped in ample time.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is annulled, avoided and reversed, and it is now ordered that there be judgment in favor of defendant, dismissing plaintiff's suit at his cost.