## No. 463

### First Circuit

### HEATH v. BAUDIN

(June 10, 1929. Opinion and Decree.)

Taylor and Parker, of Baton Rouge, attorneys for plaintiff, appellant.

Charles A. Holcombe, of Baton Rouge, attorney for defendant, appellee.

ELLIOTT, J.    Marshall Heath claims $425.00 as damages, of J. H. Baudin, on account of an automobile collision in which both of their cars sustained injuries.

The plaintiff claims that the terrific speed of defendant was the cause of the collision.

The defendant avers that it was due to the reckless driving of the plaintiff.

Heath, driving south on Winona Street in suburb Istrouma in the City of Baton Rouge, about 4 o'clock P. M. on August 22, 1928, admits that on approaching the intersection of Huron Street, driving at the rate of 25 or 30 miles an hour and within 20 or 25 feet from its intersection with Winona Street, he saw Baudin coming on Huron Street about 50 feet distant from the intersection.

He was asked on cross-examination:
"Q.  Why didn't you stop?
"A.  I did not think when I saw Mr. Baudin, that he was going as fast as he was.  I thought I could get through the intersection before he arrived.
"Q.  In other words, you thought you could beat it across?
"A.  I was not trying to beat him across, I just didn't think that he was driving as fast as he was, and I had plenty of time."

He subsequently practically admitted that the collision was the result of his effort to get across Huron Street ahead of Baudin, who was approaching and about to cross Winona Street at a right angle.  He did not put on his brakes, sound his horn or do anything to avoid a collision; and after seeing Baudin about to enter the intersection, he kept right on without lessening his speed.

In the excitement of the impact plaintiff asked Baudin: "Is the baby hurt?" Upon which Baudin asked him why he did not blow, and he replied, "I thought I could beat you across the street."

The burden of proof is upon the plaintiff to show negligence on the part of the defendant, causing the injury.

The evidence shows that plaintiff caused it himself.  Driving too fast, he entered the intersection recklessly, after Baudin had already entered it, and tried to cross it ahead of him by sheer speed and without regard for the safety of Baudin or of himself.

The lower court properly rejected his demand.

Baudin urged in the lower court a demand in reconvention against Heath and in answering Heath's appeal he renews his demand in this court. Baudin has the burden of proving his demand in reconvention.

The evidence shows that Baudin, driving at a moderate speed, slowed down and looked up Winona Street, with his car under control, before entering the intersection, and saw Heath coming on at a rapid speed about, say, 20 feet from the intersection. Heath was not far enough to make it safe for him to enter on the crossing. Baudin was in a place of safety at the time he saw the danger from Heath, and could and should have stopped where he was and let Heath pass, notwithstanding the fact that he reached the intersection first. He did not do that, but entered on the intersection and started across, in the face of a known danger, due to the near and apparently reckless approach of Heath.

As it was, Baudin, in a situation of safety, should have pursued a safe course. He voluntarily departed from it and encountered a known present and obvious danger. Having chosen a perilous course when there was no need of doing so, his demand in reconvention was also properly refused.

The judgment appealed from was correct.

Judgment affirmed. Plaintiff and appellant to pay the cost in both courts.