No. 465

First Circuit

—

SCHLOSS v. REYMOND

—

(June 10, 1929.  Opinion and Decree.)
(June 28, 1929.  Rehearing Refused.)
(October 8, 1929.  Writ of Certiorari and
Review Refused by Supreme Court.)

—

Benton & Benton, and Taylor, Porter, Loret & Brooks, of Baton Rouge, attorneys for plaintiff, appellee.

Charles A. Holcombe, of Baton Rouge, attorney for defendant, appellant.

ELLIOTT, J. Edward W. Schloss claims of Samuel I. Reymond $386.90 as damages, on account of injuries to an automobile belonging to Edward S. Levy, but which was at the time in the possession of said Schloss and being driven by one of his employees. The injuries to the Levy car were sustained in a collision with an automobile belonging to and while being driven by said Reymond. The plaintiff, Schloss, holds all the right, title and interest of said Levy, in the claim and action against Reymond on account of the collision.

The collision occurred in the early evening of February 4, 1928, in the city of Baton Rouge at the intersection of Conrad and America streets. The plaintiff alleges that the Levy car, called the Buick, was damaged in the collision to the extent claimed, solely as the result of the gross fault and negligence of said Reymond.

The defendant denies the negligence and fault alleged against him and alleges in turn that the collision was due entirely to the fault, negligence and want of care on the part of Isaac Mackie, plaintiff's employee, who entered the intersection driving rapidly at a dangerous speed and without care. Defendant alternatively charges the plaintiff with contributory negligence and urges that he is not responsible to the plaintiff on that account. He alleges that his automobile, called the Lincoln, was damaged in the collision to the extent of $192.80.

He prays that the demand of the plaintiff against him be refused and rejected and that he have judgment against said Schloss in reconvention for the amount of the damages done to his car.

There was judgment in favor of the plaintiff as prayed for.

The defendant has appealed.

The Levy automobile was being driven at the time westward on America street, by plaintiff's said employee.

This street runs east and west and has the right of way over Conrad street.

The defendant was driving south at the time on Conrad street. These two streets cross each other at right angles.

An irreconcilable conflict exists between the witnesses as to which of the parties, Isaac Mackie or defendant, reached and entered on the intersection first. The preponderance of the testimony is to the effect, and we think the physical facts and circumstances support the witnesses who so testify, that plaintiff's driver was first, but in point of time, a moment or instant only.

An irreconcilable conflict also exists regarding the speed of plaintiff's driver and that of defendant at the time in question. The preponderance of the testimony on this subject is to the effect, and the physical facts and circumstances support the witnesses who so testify, that the defendant was driving between 30 and 40 miles an' hour, considerably faster than plaintiff's employee.

The defendant, though a moment later than plaintiff's driver, in point of time, in entering the intersection, reached the center of same at the same time that plaintiff's driver did, as a result of his fast driving, on account of which they collided with each other in about the center of the intersection.

The evidence shows the corner at the intersection of Conrad and America streets which faces Conrad street looking south and America looking north, consists of a yard, enclosed by a fence. Facing Conrad street this fence is made of pickets about 3½ feet high. Facing America street it is of boards, and about 5 feet high. Back about 25 or 30 feet from the corner on each street, inside the fence, there are some trees and shrubbery. These trees, shrubbery, and fence together obstruct the view near the corner from one street across to the other. After the trees and shrubbery are passed there is no obstruction to the view from one street across to the other, except the fence.

Supposing the fence, 25 or 30 feet from the corner facing each street, to be a partial obstruction to the view across to the other street, from a fast-running auto-mobile, still, if Mr. Reymond had been on Conrad toward its intersection with America street, he could have seen 25 or 30 feet before he reached the intersection,

around the corner about the same distance westward on America street. Therefore the Levy car approaching the intersection a little in advance of him from America street was plainly within his view at a distance from him of about 50 or 60 feet.

Defendant testifies that he did, upon coming within 25 or 30 feet of the intersection, look westward up America street, and that he saw nobody approaching; but he did not look carefully and in a way to see if an automobile was approaching; because if he had really done so he could not have helped seeing the Buick car, because the forward advance of the Buick was a little more than his own.

1 Cyclopedia of Automobile Law by Blashfield, c. 14, sec. 2, p. 287, has this to say:

"Thus where two vehicles are approaching each other on a street, in daylight, and there is no obstruction of the view between them, and no excusing circumstances the driver of one vehicle is. negligent if he does not see the other vehicle. And evidence of the occupants of an automobile that, before starting to turn the car, so as to proceed in the opposite direction, they looked around without seeing any other vehicle in the vicinity, is of no weight, where it is not disputed that at such time a vehicle with which it came into collision was being driven on the same street, in full view from the place where the automobile was when the attempt was made to turn."

America street has the right of way over Conrad street. Defendant contends that he was not aware of that fact. Granting that such was the case, that cannot excuse him, in a case of this kind, for not knowing the provisions of the town ordinance on the subject. His liability is to be judged of as if he had been aware of the precedence. It was his duty to have his car under control so as to give the right of passage to a party coming to the intersection from America street, and entering on it at the same time, or before he entered it.

He saw plaintiff's car after he had reached the intersection, but his speed was such that he could not stop nor swerve sufficiently to avoid a collision. He applied his brakes with such force that his car skidded, from about where the intersection commences, for about 10 feet, curving slightly to the left, until it was stopped by the impact. He did not slow down nor take any precaution. He was therefore at fault. The district judge so held, and we agree with him.

But we find that defendant's charge of contributory negligence against the plaintiff is also established.

Plaintiff's driver could have seen Mr. Reymond for 25 or 30 feet up Conrad street if he had been looking, when he came within 25 or 30 feet of the intersection, on America street. He admits that he did not look northward up Conrad street, and that he was in the center of the intersection before he saw Mr. Reymond's approach.

Asked on direct examination to again relate how the collision took place between his car and that of Reymond, he replied:

That he had slowed down as he approached the intersection to about 15 miles an hour, and blew his horn about half way in the block, back of a church; that as he came out the corner he could not see so good either way, on account of buildings and the fences; that he was half way across the street before he noticed Mr. Reymond's car; that he tried to speed up and get out of the way, but just as the rear of his car got to the center of Conrad street he was struck.

"Q. Did you look in any other direction as you entered Conrad street?

"A. I was just looking straight ahead of me, and I looked south on Conrad street. I looked straight east on America street and south on Conrad street."

Cross-examined, note testimony, p. 105:

"Q. You said a while ago that you did not look both ways; that you just looked east and south?

"A. I did not look both ways that time.

"Q. Why?

"A. I was just looking around the corner. I had looked but I could not see that way.

"Q. You told Mr. Benton a while ago that you came toward this intersection and you looked south and you looked straight ahead on America street, and that you did not look in any other way. Why didn't you?

"A. I could not say just why I didn't that time.

"Q. You know that you didn't though?

"A. Yes.

"Q. Why you did not, you do not know?

"A. When I did look up that way Mr. Reymond was upon me.

"Q. If you had looked that way before, you would have seen him?

"A. Yes, sir.

"Q. The reason why you did not see him was, because you did not look?

"A. When I did look it was too late.

"Q. When you did look it was too late?

"A. Yes," etc.

We have already explained that the fence to the left of plaintiff's driver on America street, coming east to its intersection with Conrad, did not prevent him, as he came within 25 or 30 feet of the intersection, from seeing northward 25 or 30 feet up Conrad street. The distance he could see up Conrad depended upon how close he was to the intersection; but when he was within 25 or 30 feet of the intersection he could have seen equally as far up Conrad street. If he had looked northward he could not have helped seeing Mr. Reymond, and if he had had his car under control he could have avoided the collision.

He should have taken the precaution to look northward up Conrad street in time and with his car in hand, to the end that his looking might be effective in avoiding a collision with anybody else about to enter the intersection. The fact that he was on a right of way street did not release him from this salutary precaution.

We agree with the Court of Appeal in the case of Johnson vs. Item Co., 10 La. App. 671, 121 So. 369, in which the court held:

"Even when one has the right of way, he is not relieved from the necessity of looking into the direction from which others may be expected to approach, and where such care would, as in the case here, have prevented the accident, he who fails to look cannot recover, even though the other party was grossly at fault."

In regard to the duty of parties driving on favored streets to look both ways and exercise care on coming to an intersection with a disfavored street, we quote from 1 Cyclopedia of Automobile Law by Blashfield, c. 22, sec. 20, p. 490, as follows:

"Where two persons are driving on lines that visibly intersect, the general obligation of ordinary care becomes for each a definite duty; and if, as they approach, their contiguity and mutual movements should suggest a probable or even possible collision, neither is entitled to act on the assumption that the other will give way."

Section 22, p. 491:

"Where two drivers from different streets, enter an intersection at about the same time, each on his proper side of the street, and a collision is imminent it may be negligence for one driver to as-

sume that the other will pass behind him, and do nothing to avoid the collision."

Section 23, p. 492:

"Although a driver of a motor vehicle has the right of way at an intersection, over a driver approaching on an intersecting road, either because of priority of approach, or because the traffic regulations give the right of way to vehicles approaching from the right, or to travelers on streets going in certain directions, the right of the driver who has the right so given is not exclusive; but on the contrary is at all times relative and subject to the fundamental common law doctrine, that he must use the right so as not to injure another. He is not absolved from the duty imposed by statute, to have his car under control and to operate it at a reasonable and proper rate of speed in approaching an intersection; nor from the common law obligation to use reasonable care, to avoid colliding with travelers approaching from the left, or proceeding on the disfavored street, if the latter disregard such right of way. Such reasonable care being that degree of care which is ordinarily commensurate with the safety and welfare of others so approaching, and with whom he may come in contact at street intersections. Or, to state the rule of relative rights of the drivers of two vehicles converging toward an intersection, from the standpoint of both, the duty to use due care to avoid a collision still remains reciprocal, notwithstanding the right of way given to one of the drivers. And the driver of each vehicle may, within reasonable limits, rely upon the discharge of this duty by the other; including among other things, the reasonable observance of those municipal regulations with respect to speed and position, which are designed, not only to facilitate traffic and travel, but to make it safe for the public, as far as is humanly possible.

"Too firm an insistence upon the right of way, even when one is clearly entitled to it, may be the grossest kind of negligence. Under such rule, if it appears to the driver of the car having the right of way, or if he can, by the exercise of care, commensurate with the danger of the situation, discover that the other driver does not intend to yield the right of way, or intends to take precedence, and that a collision will likely occur, he can not recklessly proceed, but is bound to stop or turn aside, if in the exercise of ordinary care for his own safety, he can do so. This rule being especially applicable, if the action of the driver last arriving at the intersection, is invited by the action of the other driver in stopping or starting to stop his car."

It was the duty of plaintiff's driver to exercise due care at this intersection. Due care required him, notwithstanding he was on a street which had the right of way over the intersecting street, to take the precaution to look northward, up the intersecting street before entering on the crossing. If he had done so in this instance he would have seen the imminence of a collision with the Reymond car and could and should have slowed down in time and in a way to avoid it. Not having himself exercised due care at the intersection, and the collision having resulted, due to the mutual fault, negligence, and want of due care on the part of himself and the defendant, he has no right under the law to recover of the defendant on account of his own fault. The judgment appealed from is for said reasons erroneous. It is therefore annulled, avoided and set aside. And the demand of Edward W. Schloss against Samuel I. Reymond herein is now refused and rejected.

Plaintiff and appellee to pay half the cost in both courts.

Defendant and appellant the other half.

MOUTON, J., not participating.