## MURPHY v. STAR CHECKER CAB, Inc.*

### No. 14665.

Court of Appeal of Louisiana. Orleans.

Oct. 16, 1933.

Rehearing Denied Oct. 30, 1933.

*Writ of certiorari denied November 27, 1933.

80

Geo. P. Nosacka and Geo. M. Brooks, both of New Orleans, for appellant.

Hugh M. Wilkinson, A. Miles Coe, Fred W. Oser, and Harry Nowalsky, all of New Orleans, for appellee.

JANVIER, Judge.

Plaintiff was injured in an automobile collision. She was operating one of the cars, and that of defendant, a taxicab, was being driven by an employee of defendant. The two automobiles approached the intersection of St. Anthony and North Rampart streets, the taxicab going down North Rampart street and the Hupmobile, driven by plaintiff, going out St. Anthony street in the direction of Lake Pontchartrain. On the intervening corner there was a building which extended to the property line on both streets and the view of each driver was obstructed.

Plaintiff claims that the Hupmobile driven by her reached the intersection ahead of the taxicab, and that before it entered she had reduced its speed to about twelve miles per hour, and that, after North Rampart street had been almost completely crossed, the taxicab, which had entered the intersection at an excessive speed, crashed into the rear of the Hupmobile and turned it over. Charging that the accident resulted solely from the fault of the driver of the taxicab in entering the intersection at too high a rate of speed and in not yielding the right of way, plaintiff seeks to recover from defendant $5,360, alleging that this amount is required to reimburse her for her pain, suffering, and nervous shock and for her medical expenses.

Defendant denies the charges of plaintiff, and asserts that the cause of the accident was the negligence of plaintiff herself in emerging at high speed from behind an obstruction into the intersection and in front of the approaching taxicab when it was too late for the latter to be brought to a stop, or to be swerved from its course.

In the district court there was judgment for defendant; the district judge being of the opinion that both drivers were at fault in that each entered the intersection at a speed in excess of that permitted by the traffic ordinance of the city. In referring to plaintiff, the district judge said: " * * * It was her duty to have been down to fifteen miles an hour."

The ordinance applicable is No. 13,-702, C. C. S., adopted May 18, 1932, and the pertinent portion is contained in subsection 3, article V. A reading of that section discloses that nothing therein establishes definitely a maximum speed in excess of which vehicles shall not be driven at such obstructed intersections. The ordinance merely declares that, in 'the absence of proof to the contrary, "it shall be prima facie lawful for the driver of a vehicle to drive the same at a speed not exceeding * * * fifteen miles an hour * * * when approaching within fifty feet of and in traversing an intersection when the operator's view is obstructed."

While this provision, as we have stated, does not of itself make it unlawful for an operator of a vehicle to enter such intersection at a speed in excess of fifteen miles an hour, it places the burden on such operator to show that the speed at which the intersection was entered was below fifteen miles an hour, or, if it was in excess of fifteen miles an hour. to show that it was not unsafe.

The evidence fairly establishes the fact that the speed of the Hupmobile was in excess of fifteen miles an hour, and therefore plaintiff was under the necessity of proving that the speed, though in excess of that rate, nevertheless was reasonable and proper under the circumstances. In this she has failed. While there is some conflict in the evidence, it cannot be said that the district judge was plainly in error in concluding that plaintiff entered the intersection at a dangerously high speed.

Plaintiff asserts that under another portion of the ordinance (subparagraph "a" of section 15 of article V) her car was entitled to the right of way, since it approached from the right hand side of the taxicab. That portion of subparagraph "a" to which we refer reads as follows: "When two vehicles enter an intersection at the same time the driver of the vehicle on the left shall yield to the driver on the right."

That is quite true, and, if plaintiff herself had not been at fault in operating her car at an excessive speed, the fault of the driver of the taxicab in failing to accord to the Hup-

mobile that right to which it was entitled could have been said to have been the sole cause of the disaster. But we cannot take that view of the matter, since, assuredly, the excessive speed of the Hupmobile had causal connection with the unfortunate result.

That one has a statutory right of way does not justify blindly and recklessly dashing into the path of on-coming disaster.

In Johnson v. Item Co., Ltd., 10 La. App. 671, 121 So. 369, we said: "Even when one has the right of way, he is not relieved from the necessity of looking into the direction from which others may be expected to approach, and where such care would, as is the case here, have prevented the accident, he who fails to look cannot recover, even though the other party was grossly at fault."

In the same case we also said: "* * * Even though plaintiff's view was, to some extent, obstructed just before he entered the intersection, still, had he looked at the moment of entering, and had he had his car under the control which the law requires under such circumstances, he would instantly have seen defendant's truck and would have stopped in a few feet."

The rule which is applicable is well expressed in Kerns v. Lewis, 246 Mich. 423, 224 N. W. 647, 649, in which the Supreme Court of Michigan said: "While the law accords the right of way, it requires, as well, the exercise of at least 'horse sense.' The statute does not authorize one, in approaching a highway crossing, to assume that in all events he may proceed without looking, or, if unable to see, without exercising precaution commensurate with reasonable prudence."

Since both operators were at fault, and since the fault of each contributed to the accident, there can be no recovery.

The judgment appealed from is affirmed.

Affirmed.