### LAMBERT v. CONRAD.
### No. 1290.

Court of Appeal of Louisiana.   First Circuit.
Jan. 22, 1934.

Burke & Smith, of New Iberia, for appellant.

Porteus R. Burke and Jacob S. Landry, both of New Iberia, for appellee.

MOUTON, Judge.

Lasalle street runs north and south through the city of New Iberia, which is crossed by Main street running east and west.

Plaintiff was injured in an auto collision at the intersection of these two streets, and brings this suit for damages against defendant.

The demand was denied. Plaintiff appeals.

The evidence shows that the collision occurred between a Desoto auto which Mrs. Dimick, daughter of plaintiff, was driving westward on Main street in New Iberia, and a Ford coupé Mr. Toland was driving eastward, the opposite direction. The occupants of the Desoto auto were plaintiff, Mr. Lambert, who was sitting in the rear, and Mrs. Dimick and her daughter, who occupied the front seat. Mrs. Dimick was driving the Desoto auto from the east. The Ford, which was coming from the west on Main street, was being driven by Mr. Toland, his wife was sitting next to him, and his sister was sitting on his mother's lap. The truck belonging to defendant, Mr. Conrad, which was being driven on Lasalle street southward, was struck by the car driven from the west on Main street by Mr. Toland. The evidence shows that the head of this truck had passed the south line of Main street about 10 feet, when it was struck in the rear by the Ford Mr. Toland was driving. It is shown, when the Ford struck the truck, the Ford was swerved northeastward and ran with great force against the Desoto auto Mrs. Dimick was driving and which had then reached about the eastern line of Lasalle street where it crosses Main street and forms the intersection.

There was no collision between the car in which plaintiff was driving, which belonged to him, and the truck Anderson, an employee of defendant, was driving. The complaint is that the proximate cause of the injury was due to the negligence and fault of Anderson, the employee of defendant, against whom the action is brought.

Anderson, driver of the truck who was coming from the north on Lasalle street to go across the intersection, testifies that as he got to the intersection he came to a "dead stop"; that he looked to the east and to the west on Main street; not seeing any car coming along on either street, he started "in first" to negotiate the intersection; that, after proceeding a little in the intersection, he saw the Desoto auto coming from the east, and that, when he reached about the center of Main street, he saw the Ford car coming from the west, and that he immediately "went into second" to clear the intersection for the passage of that car, but that he failed, his truck being struck in the rear, as hereinabove explained. The testimony so given by Anderson is corroborated in all essential particulars by Wiltz, a negro boy who was riding next to him in the truck.

There is no evidence either from Mrs. Dimick or plaintiff, her father, that they saw the truck before it entered the intersection and contradicting the testimony of Anderson and Wiltz that they had stopped before proceeding across the intersection, nor is there such evidence from Mr. Toland, driver of the Ford car, or from the other parties who were in that car.

■ It is manifest that Anderson was not negligent in proceeding across the intersection in so far as to the rights of the Desoto auto, as it is shown that the truck had about negotiated the intersection when struck, had left ample room for the passage of that auto in its rear and with which there could have been no possibility of a collision.

The sole issue then is as to whether Anderson was at fault in reference to the Ford car Mr. Toland was driving eastward.

The testimony of Anderson and Wiltz, occupants of the truck, is, that they both looked to the east and to the west before starting across the intersection. Anderson says he started "in first" to proceed across, and in this he is corroborated by Wiltz; and that he had driven about midway of Main street when he saw the Ford car and then went into "second."

It is shown that in "first" a truck goes at about 3 miles an hour, and in "second" 5 miles. Mr. Lambert said the truck was going slowly, which corroborates Anderson and Wiltz.

Mr. Toland says he was going in his Ford at a lawful rate of speed which he recalled was 12 or 13 miles an hour, his sister says, at a moderate rate. Hence he was not traveling at a speed not exceeding a lawful rate over Main street, which the evidence shows had a heavy traffic. As he was going at that speed, the reasonable conclusion is that the truck must have entered the intersection first, as it had about crossed it when it was struck on its rear end.

■ Having entered the intersection first, the truck had the right to proceed across, although the Ford car was traveling on a favored street. Grouchy v. Globe Furniture Co., 16 La. App. 311, 134 So. 347; Marshall v. Freeman, 10 La. App. 12, 120 So. 414; Heath v. Baudin, 11 La. App. 40, 122 So. 726.

As the truck had the right to complete the crossing, the driver, Anderson, not being at fault when it was struck by the Ford car which collided with plaintiff's car, the de-

fendant, Anderson's employer, cannot be held in damages. C. C. Art. 2315.

This conclusion is grounded on the finding that, even if Mr. Toland was traveling at a lawful or moderate rate of speed, as he claims, the defendant should not be held liable for the reasons above stated.

The testimony of Anderson and Wiltz, however, is to the effect, that the Ford car was coming at a speed of 30 or 40 miles an hour. The mother of Mr. Toland says in a statement in the record that she does not believe her son was making "more than 25 miles an hour." This estimate of Mrs. Toland is quite at variance with the testimony of her son on this question of speed, and is more in harmony with the estimate of Wiltz and Anderson. The damages which resulted to plaintiff's car were also of a character indicating that it had been struck with considerable force and violence; and after the speed of the Ford car had necessarily been checked by its glancing blow on the truck.

The testimony of Wiltz, Anderson, and Mrs. Toland, taken in connection with the physical facts to which we have referred, justifies the finding that the Ford car was traveling at an excessive rate of speed, and that this was the sole cause of the accident. Viewing the case from either angle, above pointed out, the conclusion must be that the driver of the truck was not at fault as a tort-feasor or otherwise, and that defendant, his employer, is not responsible for the damages claimed, as was held below.

Judgment affirmed.