## MILLET v. CONSOLIDATED COM-PANIES, Inc.*

### No. 15005.

Court of Appeal of Louisiana. Orleans.
April 29, 1935.

St. Clair Adams & Son, of New Orleans, for appellant.

Sigur Martin, of Lutcher, and Chas. T. Wortham, of Donaldsonville, for appellee.

JANVIER, Judge.

This litigation results from an automobile collision which occurred at about 12:15 in the afternoon on October 19, 1932, at Gramercy, a settlement on the Mississippi river above New Orleans. At that point there is a junction between what is known as the "River road," which, at that time, was also known as the Jefferson highway, and an intersecting road, which affords a connection between the said road and the so-called "Air-Line" highway.

The River road parallels the river and the connecting road joins it at a right angle but does not cross it.

The car of plaintiff, driven by her on the crossroad, approached the intersection as the truck of defendant was on its way up the River road. It was plaintiff's purpose to turn her car from the intersecting road into the River road and to proceed down the latter. This required that she turn to her left, which was the direction from which defendant's truck was approaching. Plaintiff avers that she had completed the turn and was on her way down the River road, when suddenly the approaching truck was swerved to its left and into her car. Defendant maintains, on the contrary, that plaintiff's car had not completed the turn when the accident occurred, but that it had been driven without a prior stop into the path of the oncoming truck when the latter was already so near that it could neither be turned aside nor stopped.

For damage to her car and for personal injuries and expenses, plaintiff claims $4,240.61. In the district court she obtained judgment for $1,177.61. Defendant has appealed, and plaintiff, by answer to the appeal, seeks to have the award increased.

The two most important witnesses produced by plaintiff are herself and a young high school boy, Jess Matherne, who was riding with her at the time. They both state that, as they reached the river road, they looked down that road and saw defendant's truck approaching. They both state that they believed that the truck was sufficiently far away to permit of their crossing its path and assuming the desired position on the far side of the River road, and they both testified that they did so and that, after their car had completely crossed and had turned, the truck, suddenly and without warning, swerved to its left and crashed into their automobile.

But, though each stated that when their car reached the intersection the truck was still "a half of a city block away," the record shows that each, on another occasion, had estimated that distance entirely differ-

*Writ of error granted by Supreme Court May 27, 1935.

ently. Miss Millet, the plaintiff, a young woman of education, who for several years had been employed as a school teacher, previously to the trial had signed a written statement in which she had said that when she first saw the approaching truck it was only fifty or sixty feet away. Her counsel, desperately seeking to overcome the effect of this statement, elicited from her the explanation on the witness stand that she did not know the length of a "city block" and that the claims adjuster, who had obtained the said statement, had told her that a block is only 100 feet long.

But her testimony shows that she had been to the city of New Orleans on numerous occasions and that she was quite familiar with distances and measurements. In fact, she states that when the claims adjuster told her that a city block was 100 feet long and wrote into her statement that the car was only 50 feet away, she knew that that was incorrect, but signed the statement without having it corrected. Her testimony on this point leads to the inevitable conclusion that she did make a statement to the effect that when she first saw the truck approaching it was only 50 or 60 feet away.

Matherne, who was riding with her, after first using the identical words which Miss Millet used on the stand, to wit, that the truck was a half a city block away when he first saw it, later stated that when they reached the crossing the truck was only about 70 feet away.

If it was only about 70 feet away, as Matherne says, or if it was only 50 or 60 feet away, as plaintiff said in her statement, and if it was approaching at the very great speed that they both attribute to it, then very plainly the attempt of Miss Millet to cross in front of it was negligence, regardless of whether or not she was entitled to the right of way. In Murphy v. Star Checker Cab Co., 150 So. 79, 81, we discussed the extent of protection afforded to the "right-of-way" and quoted with approval from Kerns v. Lewis, 246 Mich. 423, 224 N. W. 647, in which the Supreme Court of Michigan said:

" 'While the law accords the right of way, it requires, as well, the exercise of at least "horse sense." The statute does not authorize one, in approaching a highway crossing, to assume that in all events he may proceed without looking, or, if unable to see, without exercising precaution commensurate with reasonable prudence.' "

It is not necessary that we determine who had the right of way, even if that right was entirely with Miss Millet, and in view of the fact that she was manifestly entering and turning into a thoroughfare from a less important artery of traffic, we cannot see how she could possibly have been entitled to that right, and even if defendant's truck was approaching at too high a speed, still Miss Millet was plainly negligent in driving into its path when it was so near. We notice in the testimony of Miss Millet and also in the testimony of Matherne a very significant statement—that each believed that when the attempt was made to cross in front of the oncoming truck, there was time for the crossing to be completed. Miss Millet uses the expression " * * * I figured I had enough time to get across * * *." Matherne said: "I thought she could make it myself, to the right side of the road, before the truck could hit her." These statements show plainly that both these witnesses realized that there was some causal connection between the attempt of Miss Millet to cross in front of the truck and the resulting crash. If, as Miss Millet contends, she had completed the crossing and was on her way down the River road, then there was no connection whatever between the fact that she crossed in front of the truck and the subsequent crash and there was no reason why each of the witnesses should have referred to the fact that he or she believed that "she could make it across."

Much is made by plaintiff over the fact that, after the accident, the truck proceeded a short distance further up the road and then turned so that its front wheels stopped in the ditch alongside the road to its left, and she contends that this proves conclusively that the truck must have swerved to the left before striking her car. But the evidence shows that the steering gear of the truck was broken and that, as a result of this, after the crash the driver lost control of it.

Plaintiff confidently relies on the views announced in the case of Hamilton v. Lee (La. App.) 144 So. 249, 252. We do not think that the facts of this case bring it within the doctrine announced there, for there the proof showed that when the driver of the car on the intersecting road stopped and looked he could and actually did see for the distance of a full half block and he "knew he could traverse the intersection before any one who was further off, and who was observing the speed laws, could arrive at the intersection." Here plaintiff well knew, if her testimony is cor-

rect, that the truck was approaching at an excessive speed. She knew that it was very close and she should have realized the impossibility of crossing ahead of it. She testifies that she did not even shift from high gear before entering the intersection, but that she slowed up to a speed of about eight or ten miles an hour and rolled into the intersection without stopping. There is no doubt whatever that, had she stopped and had she actually looked, she would have seen the oncoming truck and would not have entered the intersection ahead of it.

It is contended that the River road was not the more important artery of traffic and that the road on which plaintiff's car was approaching was just as important. We notice, however, that most of the witnesses for plaintiff inadvertently referred to the River road as the main road. In the testimony of Mr. Faucheux, at an unsuspicious moment, he thoughtlessly made the following statement:

"The intersection road is graveled and the main road—the Jefferson Highway—is asphalt."

The intersecting road on which Miss Millet's car was approaching did not cross the other road. The situation was very similar to that which was found in Heath v. Baudin, 11 La. App. 40, 122 So. 726, in which the court said:

"The evidence shows that Baudin, driving at a moderate speed, slowed down and looked up Winona street, with his car under control, before entering the intersection, and saw Heath coming on at a rapid speed about, say, 20 feet from the intersection. Heath was not far enough to make it safe for him to enter on the crossing. Baudin was in a place of safety at the time he saw the danger from Heath, and could and should have stopped where he was and let Heath pass, notwithstanding the fact that he reached the intersection first. He did not do that, but entered the intersection and started across in the face of a known danger, due to the near and apparently reckless approach of Heath.

"As it was, Baudin, in a situation of safety, should have pursued a safe course. He voluntarily departed from it and encountered a known, present, and obvious danger. Having chosen a perilous course when there was no need of doing so, his demand in reconvention was also properly refused."

In Parker v. Employers' Casualty Co. (La. App.) 152 So. 373, 374, is found a case which also presents facts very similar to those found there. There the court said:

" * * * It has been uniformly held that a left turn of an automobile in a street, even at intersections, which was not the case in this instance, is about the most hazardous movement that can be made, and should never be undertaken until the car's operator has carefully looked in all directions and satisfied himself that he may negotiate the turn without jeopardizing the safety of others."

See, also, Hill v. Mickel (La. App.) 139 So. 672, 674, in which the court said:

"In our opinion, the defendant, as stated, did not stop his car before entering the intersection, which was a violation of section 23 of Act 296 of 1928. But if it be conceded that he did stop, his moving at a slow rate of speed from a side road into a main highway, after having stopped, with a rapidly moving automobile approaching, plainly in view, and in dangerously close proximity, was gross negligence which caused an emergency that relieved the driver of the approaching car of the duty of exercising cool and deliberate judgment in determining what course was best to pursue."

The view which we have taken of this matter makes it unnecessary that we determine whether the driver of defendant's truck was guilty of negligence in the matter of speed, or otherwise, because, regardless of his actions, we feel that the proximate cause of the catastrophe was the negligence of plaintiff herself in driving directly into the path of the oncoming truck when it was so near that it could not be turned aside or stopped.

We realize that only questions of fact are involved in this matter, and we also note, from his reasons for judgment, that our learned brother of the district court has very plainly decided these questions of fact favorably to plaintiff's contentions. But a most careful review of the evidence leads us to the conclusion that the judgment below is manifestly erroneous and we, therefore, cannot do other than reverse it.

For the reasons assigned it is ordered, adjudged, and decreed that the judgment appealed from be and it is annulled, avoided, and reversed, and it is now ordered that plaintiff's suit be dismissed at her cost.

Reversed.