## GRAY et ux. v. SOUTHERN AUTO WRECKERS, Inc.*

### BATES v. SAME.

### No. 1539.

Court of Appeal of Louisiana. First Circuit.

Feb. 20, 1936.

Woosley & Cavanaugh, of Leesville, for appellant.

Fraser & Carroll, of Many, for appellees.

DORE, Judge.

Plaintiffs instituted these suits for damages resulting from an automobile and truck collision. The suits were consolidated for trial and submission, but separate judgments to be rendered. There were judgments in favor of plaintiffs for the full amount claimed, and defendant has devolutively appealed.

From a careful reading of the brief of the defendant-appellant, we have come to the conclusion that it is admitted that defendant was negligent in the operation of his truck. It then becomes unnecessary for us to discuss the evidence and facts relative thereto. Defendant has argued two defenses as a bar to plaintiffs' recovery, namely, that plaintiffs were guilty of contributory negligence, and that plaintiff W. T. Gray had the last clear chance to avoid the accident.

A careful consideration of the evidence, particularly that offered by the plaintiffs, convinces us that the plea of contributory negligence to be well taken, and, but for the negligence of the plaintiffs, the collision would not have occurred. Their negligence can be said to have been a proximate cause of the accident.

Mr. Gray testified that he was traveling south on the Lake-Charles-Shreveport highway on Sunday evening on June 13, 1935; that the weather condition was good; that his view was unobstructed and that the road was straight and levelled; that at a distance of some three or four hundred yards from point of collision he perceived the truck barely moving in the direction of the highway, some 12 or 15 feet from the concrete slab, approaching from the east side; that he was not driving any faster than 30 to 40 miles per hour, and that he presumed the truck would not attempt to intersect the highway prior to his passing; that he did not slacken his speed; that at about 30 to 40 yards from the said truck he blew his horn; and from then on he paid no attention to the truck or its movements, because, as he states, "I had the right of way and I had no idea the man would come on the highway." (See transcript, p. 75.) When repeatedly questioned as to why he did not slacken his speed or notice the movements of the truck or be more cautious in his driving from the time of perceiving the truck in the act of intersecting the road, he repeatedly stated that he had the right of way, and presumed that the truck would not attempt to intersect the road in front of him. He further states that, when he perceived that the truck was intersecting, and had about completed half of the concrete slab, he was then about 3 or 4 feet from the truck, and too close to do anything else but to give his car "all the gas it could take," and at the same time swerving to the extreme right of the concrete slab; that the truck struck his left rear fender and wheel.

We are therefore fully convinced that Mr. Gray assumed too many things for granted. He was traveling on a straight concrete road, in daytime, the accident having occurred at about 2:30 in the evening; the weather condition was good; he had a clear unobstructed view of the road and the roadside; he perceived this truck moving slowly towards the road in a manner indicating to him that it was the intention of the driver of the truck to intersect the highway; he should not have assumed that the truck would await his passing. It was his duty then to drive his car and have it under such control as to avoid an accident. He did have the right of way, but that did not make him any the less negligent for his taking an obvious risk and hazard which he could and should have easily avoided. It was voluntarily taking a hazard and risk which was not necessary.

Act No. 21 of 1932, § 3, rule 4, requires the driver or operator of an automobile to drive in a careful and prudent manner, with "due regard to the traffic, surface and width of the highway, the location and neighborhood, and any other conditions or circumstances then existing." Mr. Gray had, or should have had, a complete picture of the surroundings, together with the slow movement of the truck. It was negligent on his part to take his eyes off of the truck and its movement. The truck was at all times under his observation, if he so desired. The truck, at the point of collision, had reached the highway and had traversed half

of it; it must have reached it prior to Mr. Gray; Mr. Gray was traveling at least four times as fast as the truck. Mr. Gray heedlessly ran into the truck just because he had the right of way, and he desires to be excused for encountering an obvious danger which he voluntarily and unnecessarily took upon himself, and which he could have avoided.

As stated in the case of Johnson v. The Item Co., Ltd., 10 La.App. 671, 121 So. 369: "Even when one has the right of way, he is not relieved from the necessity of looking into the direction from which others may be expected to approach, and where such care would, as is the case here, have prevented the accident, he who fails to look cannot recover, even though the other party was grossly at fault." The case at bar is even stronger, in that plaintiff Gray had seen the truck slowly advancing towards the road; it became his duty to be more cautious.

We now pass to the demand of Miss Bates. Miss Bates was seated on the right-hand side on the front seat with Mr. and Mrs. Gray. On her examination in chief, she testified that the description of the accident as detailed by the other witnesses coincided with hers. On cross-examination, she testified that the mission of Mr. Gray, herself, and others were mutual, and just as important to one as the other, and that it was a joint mission. Sitting on the front seat with Mr. Gray and his wife, Miss Bates could have seen, and in fact she was bound to have seen, the truck moving slowly in the direction of the highway and in the act of intersecting the same. Her answers are very evasive. She had ample opportunity to warn Mr. Gray of the impending danger; but, as she says, she was perfectly satisfied; and she also presumed that the truck would stop and allow Mr. Gray to continue. She said nothing. To show her attitude, the following questions and answers seem to be appropriate (transcript, p. 147):

"Q. Why didn't you tell Mr. Gray, Miss Bates, when you saw the car? Why didn't you tell him it was moving? A. I didn't think they were going to come on the highway. I thought they were seeing us all the time. They had been warned.

"Q. You didn't tell him the truck was approaching? A. No sir. I didn't say a word to him. No one else did."

It was her duty to see that which she should have seen; it was her duty to warn Mr. Gray of the impending danger. If the danger had been sudden, without opportunity on her part to speak, the situation would be different. She also was negligent, and her negligence was a proximate cause of the accident.

As to the demand of Mrs. W. T. Gray, we notice that the same is for only $100; and, for want of jurisdiction, we cannot review the same.

For these reasons, the judgment in favor of Mr. W. T. Gray and against the defendant is hereby reversed, annulled, and set aside, and his demand dismissed, at his costs in both courts.

A separate judgment will be rendered as to the demand of Miss Bates.

Reversed and rendered.

OTT, J., not participating.