HARDY, Judge.
Plaintiffs have appealed from judgment rejecting their demands for damages.
The nature of this action and the material facts were carefully and accurately set forth in the opinion of the district judge as follows:
“The accident happened on one of the days when we, in Louisiana, experienced perhaps one of the coldest days in recorded weather history. Snow had fallen rather extensively in north Louisiana, and many of the highways were closed to ordinary traffic. Mr. Davis, a salesman, on this day was making his way to his home in Shreveport; and plaintiff, Mary L. Wright, a school teacher at Ringgold, was driving to her home in Natchitoches.
“The court is thoroughly familiar with the highway in the vicinity of the accident. It may be described as follows : Proceeding south from Armi-stead, the highway extends in a southerly direction for approximately one-half mile parallel to the T & P Railroad tracks, then executes a 90 degree curve to the west, then crosses the railroad tracks and almost immediately begins the execution of a long curve from the west to a southeasterly direction, which is approximately 135 degrees, then extends in a southeasterly direction for some distance, then executes a curve of approximately 45 degrees from southeast to south, thence commences to parallel the railroad track again on toward Planna.
“The defendant, Mr. Davis, was traveling between the last-mentioned 45-degree curve which, in the direction in which he was traveling, would be from north to a northwesterly direction, and was proceeding toward the 135-degree-curve described supra, and at the same-time plaintiff, Mary L. Wright, was nearing the end of the 135-degree curve.' As defendant, Davis, approached Mary Wright, his automobile began to slip on the highway. At this point it should be mentioned that this 135-degree curve is banked from west downward in an easterly direction. Upon seeing the approaching vehicle slipping and sliding on the highway, Mary Wright slowed her speed somewhat, and by that time Mr. Davis' car turned across the highway with its right side coming in contact with the front of the plaintiff’s vehicle, her vehicle was almost stopped. Plaintiff fixed her speed prior to slowing down at about 15 miles per hour.
“The evidence unquestionably shows-that the accident occurred on plaintiff’s-side of the highway, that her speed’ prior to slowing down was about 15 miles per how, and that she had almost stopped at the time of the impact between the vehicles. It further shows-that the weather was extremely inclement and that snow was present on-the highzvay; however, there was no-showing that there was any ice on the-highway south of the situs of the accident, although both plaintiff and the defendant and the state trooper testified’ that there was ice on the highway at-the scene of the accident. Defendant, Davis, testified that he was driving-from 20 to 25 miles per hour at the time he encountered the ice on the highway; that as soon as defendant’s vehicle began to slip and slide on the icey highway, he exerted every effort to command it, but in spite of his efforts, it was uncontrollable.” (Emphasis supplied.)
The district judge reached the conclusion, that the defendant, Davis, was not guilty of negligence because the speed of his ve- *215 hide was only between 20 and 25 miles per hour, according to his testimony. The opinion further referred to the testimony of the State Trooper who investigated the accident to the effect that a pickup truck, traveling at approximately 15 to 20 miles per hour, had experienced a difficulty similar to that of defendant at the scene of the accident.
Regretfully, we are unable to accord with the conclusion of the trial judge. The opinion failed to mention the fact that Davis did not observe the approach of the Wright car until the vehicles were separated by a distance of only a few feet. We think, under the existing condition of the highway, that even the low rate of speed of 20 to 25 miles per hour was excessive, in view of the fact that Davis was beginning to negotiate a curve and could and should have observed the approaching vehicle. The plaintiff, Mary Wright, was traveling at about 15 miles per hour and was able to bring her car almost to a stop after perceiving the sliding, skidding Davis vehicle. This point is made even more relevant in consideration of the fact that the Wright car was on the more steeply banked lane of the highway and was, therefore, more inclined to skid except for the unusual care and caution of the driver.
As to the incident of the skidding pickup truck, we quote the testimony of the State Trooper as follows:
“Q. While you were at the scene of the accident, did you have occasion to observe the movements of another vehicle that came into that curve at that point where the accident occurred?
“A. Yes, sir.
“Q. And what happened to that vehicle and what type vehicle was it ?
“A. It was a pickup truck traveling north at approximately fifteen or twenty miles an hour, while we was trying to get the vehicles out, and the wrecker was sitting on the road, and he started backing and started sliding around and he got cross-ivays the road and never did come to a stop. He just happened to get on around without hitting anything.”
We cannot construe this testimony as indicating that the truck began skidding while traveling forward at 15 or 20 miles per hour, for it seems clear that the vehicle began sliding only after the driver had placed it in reverse. In any event, other cars approached and passed the scene of the accident without skidding.
We concede the principle urged by counsel for defendants that the mere skidding of an automobile is not in itself conclusive evidence of carelessness; Dupuy v. Godchaux Sugars, La.App., 184 So. 730. However, the evaluation of skidding as evidence of negligence depends upon circumstances; Leitz v. Rosenthal et al., La.App., 166 So. 651.
, The principle that the greater the danger the greater the degree of care required is now firmly imbedded in our jurisprudence; Culpepper v. Leonard Truck Lines, Inc., 208 La. 1084, 24 So.2d 148; Hogue v. Akin Truck Line et al., (La.App. 2nd Circuit, 1944), 16 So.2d 366; Dupuy et al. v. Godchaux Sugars et al., supra.
The factors to be considered in ascertaining the exercise of due care, vel non, were succinctly stated by Mr. Justice McCaleb while a member of the Orleans Court of Appeal in the opinion in Lopreore v. New Orleans Public Service, Inc., 27 So.2d 737. After denominating the general rule as one of reason and common sense, the opinion declared:
“ * * * in determining whether the driver of a motor vehicle has exercised due care in any ca[u]se, his conduct is to be gauged in connection with particular conditions and circumstances which are presented to him at *216 the time of the accident and that the speed at which he is driving, the control he maintains over his vehicle and the alertness of his observation must reasonably conform at all times to the surrounding traffic conditions(Emphasis supplied.)
Certainly, the conditions existing at the time and place in which the accident occurred in this case required the exercise of extreme care, which requirement we think was violated by the defendant, Davis, and necessitates our conclusion that the judgment appealed from should be reversed.
The injuries sustained by the plaintiff wife, fortunately, were not of a serious nature. After being hospitalized for six days, she was unable to return to her teaching duties for approximately two weeks and suffered pain and discomfort for an additional, but not extensive, period of time. The nature of plaintiff’s injuries consisted of bruises and abrasions, a hematoma of the head, injury to the abdomen and chest, the latter being described as indicative of two fractured ribs though not actually diagnosed as such, and a complication of a pre-existing kidney affection.
After careful consideration of the medical testimony, we have concluded that an award of $1,250.00 is reasonable and adequate.
The record sustains the claims of the plaintiff husband to special damages for medical expenses, etc., in the total sum of $361.80.
For the reasons assigned, the judgment appealed from is annulled and set aside, and
It is now ordered, adjudged and decreed that there be judgment in favor of plaintiff, Mary L. Wright, in the sum of $1,250.-00, and plaintiff, Oscar Wright, in the sum of $361.80, against the defendants, Edward T. Davis and Home Indemnity Company, in solido, with interest from date of judicial demand until paid, together with all costs of both courts.