CHRIS T. BARNETTE, Judge pro tem.
This is a damage suit arising out of a motor vehicle collision which occurred on May 28, 1963, in Jefferson Parish, Louisiana. One of the vehicles involved in this, collision was a pick-up truck owned by Charles S. Mammelli and being driven by his employee, James Rockenschuh, while in the scope of his employment. The other vehicle was a pick-up truck owned and being driven by Camille Dufrene. The suit was instituted by Charles S. Mammelli, d/b/a Chuck’s Heating and Air Condition Company and James Rockenschuh against Camille Dufrene and his insurer, The American Insurance Company. Camille Dufrene then instituted a reconventional demand against Charles S. Mammelli, d/b/a Chuck’s Heating and Air Condition Company, James Rockenschuh, and Lumbermen’s Mutual Casualty Company, insurer of Charles S. Mammelli. After the trial of the case, judgment was rendered in favor of defendants, Camille Dufrene and The American Insurance Company, and against plaintiffs, Charles S. Mammelli, d/b/a Chuck’s Heating and Air Condition Company and James Rockenschuh. Judgment was further rendered in favor of defendants in reconvention, American Insurance Company, Charles S. Mammelli, and James Rockenschuh, and against plaintiff in reconvention, Camille Dufrene. Plaintiffs, Charles Mammelli and James Rocken-schuh, have appealed from that judgment. *244 Plaintiffs in reconvention have taken no appeal and therefore the correctness of the •decision on the reconventional demand is not before this Court.
The evidence establishes that a collision between the Mammelli truck and the Du-frene truck occurred at about 12:45 p. m., •on U. S. Highway 90 about 15 miles west of the city limits of New Orleans, Louisiana, directly in front of the fishing camp ■of Charles Dufrene, defendant herein. The highway at this point is a straight, blacktopped thoroughfare with two east-bound lanes, two west-bound lanes and a separating neutral ground about six feet wide. At the time of the accident there was a light rain but visibility was good. Immediately prior to the accident, plaintiff, Rock-enschuh, was driving at approximately 45 miles per hour in an easterly direction in the slow, or outside lane. Defendant Du-frene had been driving west and had stopped in order to allow two vehicles to pass traveling east toward New Orleans. He then turned left and crossed the neutral ground and proceeded across the east-bound lanes of the highway. The collision occurred when the front of Dufrene’s truck had reached the shoulder of the highway and the rear was still in the slow, or outside, lane of the east-bound lanes.
Dufrene testified that he saw plaintiff’s truck 1,000 feet down the highway and decided he could safely cross and that he did not see the truck again until after the collision. Rockenschuh testified that he had seen defendant’s truck coming on the west-bound lane “at a distance down the highway” and did not see him again until the front of defendant’s truck had reached the center of the east-bound lanes, i. e., the front of defendant’s truck was at the line between the fast and the slow lane, at which time Rockenschuh was 125 feet away from Dufrene’s truck.
The trial court, as stated in its written reasons for judgment, found Du-frene negligent in that: first, he crossed the neutral ground at a place where there was no cross street and although one had been marked for construction, and was later constructed, “there was no way for an approaching driver to determine that the place where Dufrene turned was a proper crossing; if, indeed, it was.” Second, he saw the approaching vehicle of plaintiff at some distance and then did not look at it again during his crossing so that he could hurry if it became necessary. We agree with the trial judge and affirm his judgment as to Dufrene’s negligence. The law provides that “No person shall * * * turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety.” LSA-R.S. 32:104, subd. A (Acts 1962, No. 310, § 1). It is well settled Louisiana law that before attempting to make a left turn on a public highway the driver of a vehicle must ascertain that-the turn can be made in safety. Southern Farm Bureau Cas. Ins. Co. v. George W. Foshee Lbr. Co., 136 So.2d 115 (La.App. 3rd Cir. 1961); Guidry v. United States Casualty Co., 134 So.2d 319 (La.App. 3rd Cir. 1961); Hoffpauir v. Southern Farm Bureau Casualty Ins. Co., 124 So.2d 409 (La.App. 3rd Cir. 1960) ; Washington Fire & Marine Ins. Co. v. Firemen’s Ins. Co., 232 La. 379, 94 So.2d 295 (1957). Dufrene apparently did not ascertain that he could complete his turn and crossing in safety and was negligent in attempting to cross the highway under the existing circumstances.
Having established the negligence of Dufrene it becomes necessary to determine whether or not the plaintiffs must be denied recovery because of contributory negligence.
The trial court found that the driver of plaintiff’s truck, James Rockenschuh, was negligent. This negligence was based on two separate acts or omissions: first, plaintiff’s speed of 45 miles per hour; and second, failing to keep a proper lookout
*245 We are of the opinion that plaintiff’s speed of 45 miles per hour was reasonable under the circumstances. Although there was a light rain, the area was a relatively open one, the road was not in bad condition, the visibility was unimpaired and the speed limit was 65 miles per hour. There was evidence of some construction in the area, but it did not have any effect on the driving conditions. We find it erroneous to hold that traveling 45 miles per hour under these conditions was negligent as a matter of law. Breaux v. Flithers, 144 So.2d 574 (La.App. 4th Cir. 1962); Salter v. Acme Well Point Corporation, 116 So.2d 351 (La.App. 2d Cir. 1959); Jones v. Burke, 51 So.2d 322 (La.App. 1st Cir. 1951); Olivier v. Baldwin, 48 So.2d 806 (La.App. 1st Cir. 1950). Of course, the reasonableness of a given speed is dependent upon all the circumstances of each case. Wright v. Home Indemnity Company, 153 So.2d 213 (La.App. 2d Cir. 1963).
We do conclude, however, that the plaintiff was contributorily negligent in failing to keep a proper lookout. Rocken-schuh did not observe the Dufrene vehicle until it had traversed one of the two eastbound lanes, at which time Rockenschuh was 125 feet from the defendant’s truck. Where was plaintiff’s attention when Du-frene’s truck was crossing the fast lane of the two east-bound lanes? A slight swerve by Rockenschuh to his left, into the fast lane, would have prevented the collision. We have determined that plaintiff’s failure to timely observe defendant’s vehicle crossing the highway was contributory negligence resulting in denial of recovery from defendant. It was stated in Page v. Northern Insurance Company of New York, 117 So.2d 279 (La.App. 2d Cir. 1959) that:
“The decisions of our courts are replete with pronouncements as to the duty of motorists to be constantly observant and that such duty never ceases. It is axiomatic that a driver should at all times be alert, constantly watching road conditions and keeping his vehicle under such control as is commensurate with the circumstances. The frequency of these pronouncements obviates the necessity of citation of the many authorities in which they appear.”
May v. Huey, 116 So.2d 95 (La.App. 2d Cir. 1959). The conduct of plaintiff does not meet the above-stated test and is therefore negligent.
The negligence of employee, James Rockenschuh, acting in the scope of his employment during the master-servant relationship, is imputable to his employer, Charles S. Mammelli. LSA-C.C. art. 176.
The judgment appealed from is affirmed at plaintiffs-appellants’ cost.
Affirmed.