70 So.2d 235 (1954)
HARRIS
v.
TRAVELERS INDEMNITY CO. OF HARTFORD, CONN.
No. 8092.
Court of Appeal of Louisiana, Second Circuit.
January 26, 1954.
Rehearing Denied February 16, 1954.
Writ of Certiorari Denied March 22, 1954.
*236 Theus, Grisham, Davis & Leigh, Monroe, for appellant.
Smallenberger, Eatman & Morgan, Shreveport, John W. Reynolds, Homer, for appellee.
HARDY, Judge.
This is a suit in which plaintiff seeks to recover for damages to her automobile resulting from a collision with a pick-up truck owned by defendant's insured. After trial there was judgment in favor of plaintiff as prayed, from which defendant has appealed. In this court defendant has filed an exception of no cause and no right of action. During the course of trial of the case it developed that plaintiff was a married woman, living with her husband, as the result of which fact the presumption of community ownership of the automobile would apply. It would properly follow that the action should have been brought by the husband.
Consideration of the record discloses that the principal facts with reference to the collision, which is the basis of the suit, are well established. At or about 1:30 P. M. on Thursday, July 24, 1952, John Slaughter, an employee of plaintiff, was driving her 1951 Dodge sedan north on Magnolia Street in Homer, Claiborne Parish, Louisiana. After having entered the intersection with Monroe Street the Dodge automobile was struck at a point about the center of its right side by a pick-up truck owned by defendant's insured, Moreland's Grocery Company, and driven by its employee, David Allen, which vehicle at the time was moving west on Monroe Street. Plaintiff alleged that her automobile was a total loss and prayed for recovery of its full value of $1,850, less salvage in the amount of $475. As above observed, judgment was granted as prayed in the amount of $1,375, with interest and costs.
According to the testimony Monroe Street is a well-traveled street, approximately 30 feet in width and partially graveled, while Magnolia Street, less traveled, is dirt surfaced and only some 20 feet in width.
*237 The charges of negligence alleged by plaintiff are that Allen was driving the pick-up truck at an excessive rate of speed, failing to keep a proper lookout and to accord the right-of-way to the Dodge automobile which had preempted the intersection. Defendant contends that the accident resulted from the negligence of plaintiff's driver who failed to keep a proper lookout and to observe and accord the right-of-way to defendant's truck which was traveling on a favored thoroughfare and entering the intersection from the right.
It is established that the view of the drivers of both vehicles was seriously obstructed by a house located in the southeast corner of the intersection. Undisputed testimony establishes the fact that following the accident the vehicles came to rest against an embankment northwest of the intersection, both being turned in a northerly direction and having entirely cleared Monroe Street.
Slaughter testified that he brought the Dodge car to an "almost stop" at the entrance to the intersection with Monroe Street, made observation in both directions, and, seeing no approaching traffic, proceeded to cross; that he saw the truck only when it was within a distance of approximately 15 feet, at which time he was moving at a speed of approximately 10 to 15 miles per hour. Allen testified that he was driving at a speed of 25 to 30 miles per hour; that he did not see the Dodge car, despite his attempt at observation, until it was within 9 to 12 feet of his truck. The testimony shows that the two vehicles were of substantially the same weight. It follows that Slaughter's testimony as to his rate of speed is open to some question for otherwise the broadside below by the truck moving at a much faster rate of speed would have carried the Dodge car in a westerly direction from the intersection, rather than to the north.
Regardless of any pronouncement in the instant case as to the more favored street or thoroughfare, the well-recognized application of Rule 11 of the Highway Regulatory Act of the State, LSA-R.S. 32:237, accords the right-of-way at intersections to the driver approaching from the right.
It is quite true, as contended on behalf of plaintiff, that such right-of-way is not absolute and is forfeited to the driver of a vehicle who has preempted the intersection. The superior right is forfeited by the negligence of the driver, the most common examples of which are excessive speed or failure to maintain a proper lookout; Wilson v. Yellow Cab Co. of Shreveport, Inc., La.App., 64 So.2d 463, and cases therein cited.
Under the well-established interpretation with reference to the conflict of rights of automobile vehicle drivers, it is essential to again determine and apply the legal definition of preemption. Notwithstanding the fact that there are some pronouncements in some cases in the jurisprudence of our state which would appear to define preemption as dependent upon a mere showing of first entrance into an intersection, we think by far the better rule, and one which is now completely accepted, clearly requires the interpretation of preemption to be the entrance of an intersection with the normal and reasonable opportunity and expectation of clearing such intersection without obstruction to the crossing thereof by other vehicles; Butler v. O'Neal, La.App., 26 So.2d 753; Aucoin v. Houston Fire & Casualty Co., La.App., 44 So.2d 127; Hooper v. Toye Bros. Yellow Cab Co., La.App., 50 So.2d 829.
It is clear that the acceptance and application of this interpretation necessitates the rejection of the claim of preemption on the part of plaintiff's driver. It is evident from the facts recited that although Slaughter may have driven into the intersection before the entrance therein by Allen's truck, he could not have done so with the reasonable expectation and opportunity of negotiating the passage without obstructing the path of the truck.
We think both drivers were negligent in that each failed to see that which could and should have been seen, an obligation which has been many times reiterated *238 by the courts of this state. The fact that the view of traffic approaching the intersection from the respective directions of the vehicles here involved was obstructed imposed a greater than usual or ordinary degree of care upon both drivers. As we observed in Wilson v. Yellow Cab Co., supra, citing therein Culpepper v. Leonard Truck Lines, 208 La. 1084, 24 So.2d 148:
"The greater the danger the greater the necessity for caution." [64 So.2d 466.]
We can only conclude in view of our determination of negligence on the part of both drivers that the judgment appealed from is in error. This finding obviates the necessity of passing upon the merits of the exception filed in this court on behalf of defendants.
For the reasons assigned the judgment appealed from is annulled and reversed, and there is now judgment in favor of the defendant, Travelers Indemnity Company of Hartford, Connecticut, rejecting the demands of the plaintiff at her cost.