72 So.2d 552 (1953)
BROUGHTON et al.
v.
TOUCHSTONE et al.
No. 8083.
Court of Appeal of Louisiana, Second Circuit.
December 2, 1953.
On Rehearing April 22, 1954.
*553 Albin P. Lassiter, Robert T. Farr, Monroe, for appellants.
Hudson, Potts, Bernstein & Davenport, Monroe, for appellees.
McINNIS, Judge.
As a result of the collision of a Chevrolet sedan owned by plaintiff, with a pickup truck at the intersection of North Fourth Street and Pine Street in the City of Monroe on November 26, 1952, the Chevrolet was damaged to the extent of $698, and plaintiff sustained personal injury for which he demands $2,350. Plaintiff's collision insurer, Motors Insurance Corporation paid $652 of the repair bill and joins plaintiff Broughton as a plaintiff.
The owner of the Ford was M. L. Johnson, doing business as Clover Leaf Dairy Products, and his public liability insurer was Maryland Casualty Company. The driver of the truck was Richard L. Touchstone. All three are made defendants.
Plaintiffs allege that the damage was caused solely by the negligence of Touchstone, in that he was driving at a speed in excess of 40 miles an hour in violation of the legal limit, and grossly excessive under the circumstances; failed to maintain proper control over the truck; failed to yield the right-of-way to the Chevrolet which had preempted the intersection, though he was thirty yards or more away when the Chevrolet entered the intersection; failed to stop when he saw or should have seen the Chevrolet in the intersection more than thirty yards away.
The answer of defendants admits that a collision occurred; that Touchstone was Johnson's employee, engaged in the course of his employment, and that Maryland Casualty Company had a policy of insurance in force indemnifying the assured against loss or damage for which he might be legally liable because of the operation of the vehicle involved in the collision. All the other substantial allegations of the petition are denied, and further answering defendants say: That about 2:30 P.M., *554 November 26, 1952, Touchstone was driving in a northerly direction on North Fourth Street approaching the intersection of Pine Street, at a proper and legal rate of speed on the right or east side of said street, maintaining a proper lookout and giving full attention to the handling of the vehicle; that under Ordinance No. 2788 of the City of Monroe which is specially plead, and under Section 35 thereof, North Fourth Street is given a primary right-of-way over Pine Street and all vehicles moving on Pine Street are required to be brought to a full stop, not more than 15 feet from North Fourth Street, and shall not proceed until the driver has ascertained that there is no traffic near enough to render collision possible; that as Touchstone entered the intersection of North Fourth and Pine Streets the Broughton Chevrolet, moving east, entered the intersection without having been brought to a stop and without the driver having made proper observation for traffic moving on North Fourth Street, and struck the truck on the left front door, causing both vehicles to go out of control and rendering Touchstone unconscious; that the sole and proximate cause of the accident was the gross negligence of plaintiff Broughton in failing to have his vehicle under control, failing to keep a proper lookout, failing to apply his brakes, or to exercise the last clear chance to avoid the collision, and in specifically violating Ordinance 2788, and failing to stop before entering the intersection, and that Touchstone was without fault.
It is further alleged that Broughton was charged under Section 30 of the ordinance with reckless driving and was convicted on November 28, 1952.
In the alternative, in the event Touchstone should be held guilty of any negligence, that Broughton was guilty of contributory negligence, which negligence as charged is a repetition of the charges of negligence set out above, which defendants specially plead as a bar to any recovery.
An amended petition was filed increasing the amount demanded. Answering, defendants denied the allegations of the amended petition.
After trial on the merits, the district judge, assigning written reasons, rejected the demands of the plaintiffs, and they are prosecuting a devolutive appeal to this court.
The case was consolidated for trial in the district court with Henson v. Touchstone, 72 So.2d 559, and the cases have been consolidated here. Henson was a guest passenger riding with Broughton.
There is sharp conflict in the testimony as to some of the events just prior to and at the time of the collision. Plaintiff Broughton and his guest both testified that the Chevrolet was completely stopped when they reached the intersection. Broughton says his view to the south was obscured by automobiles parked alongside the west curb of North Fourth Street, and that he pulled out into the intersection so he could see to the south and that as he was moving very slow he saw the truck approaching at a very rapid rate of speed, and that he then accelerated the speed of the Chevrolet in an effort to cross ahead of the truck, but that when about the center of the intersection the truck collided with the Chevrolet, and it traveled on until it struck a concrete block building some fifty feet away. He says he brought the Chevrolet to a stop five feet from the intersection, (that is the west side of North Fourth Street), and that he moved forward thirty feet before he could see to the south, and at that time saw the truck about 90 feet from the intersection, approaching at a speed of 35 or 40 miles an hour, and at that time he speeded up to try to cross ahead of the truck. If he was five feet from the intersection when he stopped, and then moved up thirty feet he would have been twenty-five feet into the intersection, which is more than halfway across the street, which is forty feet wide. Pine Street is thirty feet wide.
Henson testified that when the Chevrolet stopped he raised his head to the right to see what he stopped for; that he saw the stop sign; however, later on he said *555 he didn't mean to say he saw the sign. He says he was seated to the right of the driver with his left arm over the back of the seat, his back slightly toward the door. He never did see the truck, but when Broughton said "look out" he made a move to see what was going to happen, and about that time the vehicles collided. He estimated the speed of the Chevrolet prior to the stop for North Fourth Street at 15 miles, and at three or four miles when Broughton called "look out" and that the car then picked up speed.
For defendants, J. E. McMullen, Traffic Sergeant of the Monroe Police Department, testified that he reached the scene of the accident at 2:43 P.M. He did not see either Henson or defendant Touchstone, but he did see and talk to Broughton, and says Broughton told him that he ran through the intersection. The sergeant described the intersection by saying that on the northeast corner there is a produce market where the Chevrolet went into the building, and on all the other corners there are residences, and unless there were cars parked there the view would not be obstructed. He said there were tire marks of the truck, starting just south of the intersection and extending to the point of impact, a total distance of about thirty feet.
Steve Savanna, operator of the curb market at the northeast corner of the intersection, says he saw a 1952 Chevrolet come into the intersection, and that as he saw it the car did not stop at the intersection and was going at a speed of 30 to 40 miles an hour, but he later said 25 to 35 miles an hour, and that he heard squeaking of brakes and then the impact and ran out to see what it was, and there were two cars in the northeast corner of the building, and heard one of the men in the Chevrolet say "now look what I've done!" He says the truck driver was unconscious. The witness did not know either of the men in the Chevrolet, but saw one of them walk east on Pine Street, away from the scene of the accident, before the police officer arrived.
Defendant Touchstone testified that he had parked the truck a block and a half south of the scene of the accident to call on a customer, and then got in the truck and started north, and that as he approached the Pine Street intersection and was about thirty feet south of it, he looked to his left and saw no vehicle moving. He then looked to the right and saw a car moving east on Pine Street, but he never did see the Chevrolet approaching from his left. As he was looking at the car to his right the collision occurred and he was unconscious for about six days. He says he was driving about twenty miles an hour as he entered the intersection and has no recollection of applying the brakes of the truck.
The testimony is in hopeless conflict in many respects, and cannot be reconciled. In such case we accept the testimony that appears most reasonable. Apparently the witnesses Savanna and Sgt. McMullen have no interest in the outcome of the case, and their testimony leads to the conclusion that Touchstone is mistaken when he says he did not apply the brakes of the truck.
The district judge did not believe plaintiff stopped at the intersection, but he said accepting his testimony that he did stop, there was no reason why he should not have seen the truck after pulling out into the intersection, in plenty of time to have stopped and avoided the accident, and the judge concluded that Touchstone was free from negligence, and accordingly that the accident was caused solely by the negligence of plaintiff Broughton. We are of the opinion that if Touchstone was guilty of any negligence, that such negligence was the remote cause of the accident, and that of Broughton was the proximate cause. Accepting Broughton's testimony as true that he stopped at the intersection and then pulled on into it at a slow speed of four or five miles an hour, he certainly should have seen the truck in ample time to stop, however, when he did notice the truck he tried to speed up instead of stopping.
*556 Plaintiffs have cited several late cases holding that an automobile first entering an intersection has right-of-way over an automobile approaching at right angles, and a driver who fails to respect such legal right to proceed safely through the intersection and collides with another automobile, is negligent, though he is on the right-of-way street. Gauthier v. Fogleman, La.App., 50 So.2d 321; Yellow Cab Co. of Shreveport v. Fryer, La.App., 61 So.2d 201; Seamons v. Aetna Casualty & Surety Co., La.App., 62 So.2d 856.
Cited also is Peterson v. Bivins, La.App., 55 So.2d 298 to the effect that a motorist, unable because of parked automobiles to make observation of traffic approaching from his right before proceeding into favored thoroughfare, is only required to proceed slowly into intersection and is not negligent in so doing.
We agree that the above statements of law are correct, however a reading of the cases discloses entirely different facts to the facts established in the instant case. The question of whether Broughton stopped at the intersection and then proceeded slowly, or whether he failed to stop and entered the intersection at a rapid rate of speed, is left unsettled as a result of the conflicting testimony on this point. For the same reason the question of which vehicle entered the intersection first is also left in doubt.
For these reasons the judgment of the district court is affirmed at the cost of plaintiffs-appellants in the lower court and in this court.

On Rehearing.
AYRES, Judge.
A rehearing was granted for reconsideration of the question of negligence of the defendant Touchstone, the driver of the truck. The important facts are correctly detailed in our original opinion and their repetition is unnecessary except insofar as requisite to an understanding of the issues urged on rehearing.
Touchstone was driving a truck north on North Fourth Street in the City of Monroe, a right of way street, at a speed testified and estimated from twenty to forty miles per hour. The Broughton car was proceeding east on Pine Street, which intersected North Fourth Street. Touchstone testified that on nearing the intersection he looked to his left and saw no traffic approaching from that direction but that at the moment of the collision his attention had been attracted to his right by the starting up of a car on the intersecting street and that he did not see plaintiff's car prior to the actual collision, although the evidence conclusively establishes that he applied his brakes and skidded his wheels approximately thirty feet. Even though, as our original opinion pointed out, much of the testimony was in hopeless conflict, yet, taking plaintiff's evidence at its full face value, it would appear that the Broughton car stopped within approximately five feet of the intersection but that, on account of cars parked near the intersection, his view of North Fourth Street was obstructed to such an extent that he could not see approaching traffic. Nevertheless, he started up, proceeded forward, and was near the center of North Fourth Street, so he said, before he could observe on-coming traffic. When he looked, he saw the Touchstone truck approaching rapidly from his right, barely allowing time to call to his guest and "mash" his accelerator to increase his speed in an attempt to beat the truck across the intersection. The driver further testified that as soon as he saw the truck he knew he was going to be hit. When he observed the truck, he lacked time and opportunity to do anything effective in preventing the collision.
Appellant insists that the court erred in holding that the facts in Gauthier v. Fogleman, La.App., 50 So.2d 321, 323, were different from the facts in the present case and in failing to apply the law of that case. In the cited case, plaintiff's car was struck when it had almost completely negotiated the intersection, while in the present case the collision occurred near the middle of the intersection. It was there contended *557 that plaintiff had pre-empted the intersection and that the defendant failed to respect plaintiff's rights in that respect. Other important differences are apparent from the court's statement of the facts and the principles of law applicable thereto. The court said:
"`It is well settled that where a collision occurs between two automobiles at a street intersection, the automobile which first entered the intersection has the right to proceed, having the right of way over any automobile approaching at right angles and that the driver who does not respect the legal right of the automobile which first entered the intersection to proceed through the intersection in safety, is negligent, even though the car entering the intersection secondly in point of time is being driven on a right of way street. * * *
"`It is also well settled that the driver of a vehicle approaching an intersection is entitled to assume that another automobile approaching on the other street will do so at a moderate rate of speed, and will observe the regulations and ordinances with reference to speed. * * *
"`While it is true that a motorist should stop before entering a right of way street and carefully observe the traffic conditions on the right of way street and make no entry thereon unless conditions warrant it, the Court believes that under the facts in this case Mrs. Gauthier was justified in entering the right of way street because she would have had plenty of time to have negotiated the intersection had the Ford automobile been traveling at a reasonable rate of speed. A right of way is not a right of pre-emption and vehicles traveling on a favored street may not disregard the rights of other vehicles by undue insistence upon that right. * * *
"`The Court is of the opinion that Mrs. Gauthier was entirely justified in attempting to cross the intersection at the time that she did, when the Ford automobile was about ½ a city block distant or at least not closer than 60 or 70 feet from the intersection. She was not required to wait before attempting to cross until there was no vehicle in sight on the right of way street and it was only necessary that it should appear that there was a reasonably safe opportunity to cross. Her action in crossing the intersection must be considered in light of the surrounding circumstances, and, if the Ford automobile, which was on a favored street, was at such a distance from the intersection as would suggest to the mind of a reasonably prudent person that the crossing might be undertaken without danger of collision, she was justified in doing so. * * *'"
We are in full accord with the statement of the law under the facts and circumstances of that case as it appeared from the record plaintiff had clearly and unquestionably pre-empted the intersection.
However, a pre-emption in every case does not depend upon a mere prior entry into an intersection. In the recent case of Harris v. Travelers Indemnity Co. of Hartford, Conn., 70 So.2d 235, 237, this court had occasion to reemphasize the law of pre-emption as applied to the conflicting rights of motor vehicle drivers. Judge Hardy, author of the opinion, stated:
"Under the well-established interpretation with reference to the conflict of rights of automobile vehicle drivers, it is essential to again determine and apply the legal definition of pre-emption. Notwithstanding the fact that there are some pronouncements in some cases in the jurisprudence of our state which would appear to define pre-emption as dependent upon a mere showing of first entrance into an intersection, we think by far the better rule, and one which is now completely accepted, clearly requires the interpretation of pre-emption to be the entrance of an intersection with the normal and reasonable opportunity and expectation *558 of clearing such intersection without obstruction to the crossing thereof by other vehicles; Butler v. O'Neal, La. App., 26 So.2d 753; Aucoin v. Houston Fire & Casualty Co., La.App., 44 So.2d 127; Hooper v. Toye Bros. Yellow Cab Co., La.App., 50 So.2d 829".
It is clear by the application of this interpretation that plaintiff did not preempt the intersection. It is evident that while plaintiff may have driven into the intersection before the entrance therein by Touchstone, he could not have done so with the reasonable expectation and opportunity of completing the intersection without obstructing the path of the truck.
According to plaintiff's evidence, he could not observe whether or not North Fourth Street was clear of traffic even from the position where he claimed he stopped. He could not and did not see, so he says, defendant's truck until he was midway of North Fourth Street, when it was too late to do anything effective to avoid the collision. He undertook to cross the intersection without properly observing traffic conditions and took the chance that resulted in the collision. It was his negligence in not acting as carefully as he should have in determining whether it was safe to cross the intersection at the time he did that brought about the collision. We are convinced that defendant's truck was in such close proximity as to constitute a hazard to plaintiff's crossing the intersection and that plaintiff should not have entered and attempted to cross the intersection without ascertaining it was safe for him to do so. His failure in this respect constitutes negligence. If Touchstone was negligent to any extent in not seeing plaintiff's car before it entered the intersection such negligence can not be characterized as the proximate cause of the accident. If plaintiff could not see traffic on North Fourth Street when he stopped or before he reached midway of the intersection, by the same token Touchstone could not have seen plaintiff's car at that time. Glen Falls Ins. Co. v. Copeland, La.App., 28 So.2d 145, 147.
Touchstone was unconscious some six and one-half days after the accident. He suffered from a severe concussion and his recollection of the actual impact of the collision was practically nonexistent. When he looked at the vehicle moving east on Pine Street, he made the prudent observation of a moving vehicle which would have been required and expected of any prudent operator. He had first looked to his left, from whence Broughton came, and, on seeing no vehicle approaching from that direction, he then looked towards the moving vehicle on his right and was immediately involved in the collision near the center of the intersection. Touchstone had no chance to avoid the accident in view of the manner in which Broughton entered the intersection. We, therefore, fail to comprehend how defendant, situated as he was, can be guilty of contributory negligence.
Appellant directed our attention to the cases of Rottman v. Beverly, 183 La. 947, 165 So. 153, and Jackson v. Cook, 189 La. 860, 181 So. 195, with particular reference to the duty of a driver of a motor vehicle to keep a constant lookout for the presence of others who might be in danger. We fully agree with the principles enunciated in those cases; we fail, however, to see wherein they are particularly applicable to the facts of this case. Those decisions are of little, if any, assistance to plaintiff as plaintiff could not be under any less duty or obligation to keep a proper lookout than defendant.
Appellant further complains that no weight was given to the undisputed fact that Broughton left the scene of the accident in the same ambulance as did the defendant Touchstone. We are not informed of what importance could be attached to this fact. We do not believe it has any bearing on the determination of any of the issues of this case.
Our conclusion is, therefore, that Broughton's negligence was the proximate cause of the accident and, therefore, for these reasons, our former judgment herein affirming the judgment of the district court is reinstated and made the final judgment of this court.