GLADNEY, Judge.
This action for damages is brought by reason of personal injuries and medical expenses arising from a collision on Line Avenue in Shreveport, Louisiana, between the motorcycle of Joe D. Brockman, plaintiff and appellant herein, and the Oldsmobile car of Grover C. Calvin. Also made party defendant is the National Surety Corporation of New York, who furnished a surety bond in the principal sum of $1,314.15 in accordance with provisions of the Louisiana Motor Vehicle Safety Responsibility Act, LSA-R.S. 32:851 et seq. From a judgment rejecting his demands, Brockman has appealed.
For a cause of action appellant charges Calvin with negligence in not coming to a complete stop before entering Line Avenue, in not observing due caution, and in failing to maintain a proper lookout. By way of defense appellees have generally denied the allegations and charges of negligence and averred that the collision was due to excessive speed and failure to maintain a proper lookout on the part of Brockman. Defendants further allege Calvin preempted Line Avenue, that Brockman was contribu-torily negligent, and finally, plead the last clear chance doctrine.
The accident occurred about 11:00 o’clock A. M. on January 8, 1955, on Line Avenue, near its intersection with Margaret Place in Shreveport, Louisiana. At the time it was dry and atmospheric conditions were normal. Appellant sustained injuries consisting of a fractured and dislocated left hip that required surgical procedure, as well as *526 some minor bruises and contusions. He was hospitalized forty days.
According to data disclosed by the record, Line Avenue has a width of forty-two feet where it intersects with 'Herndon Avenue and Margaret Place. Line Avenue runs in a north and south direction and enjoys a statutory right-of-way over Herndon, which intersects it from the east and likewise over Margaret Place, which intersects Line Avenue from the west. Neither of the latter named streets crosses Line Avenue, but the center line of Herndon Avenue projected westerly is 82.85 feet north of the center line of Margaret Place projected easterly. Herndon Avenue has a width of twenty-eight feet and Margaret Place, with neutral ground in the center, has a width of sixty feet.
The accident occurred in the following manner: Grover C. Calvin was proceeding westerly along Hemdon Avenue with the intention of entering Margaret Place on the west, and at about the same time Joe D. Brockman was riding his motorcycle northerly along Line Avenue. The two vehicles collided on Line Avenue near its intersection with Margaret Place.
Calvin testified he brought his automobile to a stop and remained so for a period of some one and one-half to three minutes, while three vehicles proceeding along Line Avenue passed. He then looked, but observing no traffic approaching from either direction, he started his vehicle and angled southerly toward the north entrance of Margaret Place; that when he had crossed into the western one-half of Line Avenue near the ‘ northwest corner of Margaret Place, he observed for the first time the motorcycle about twenty feet away; that the motorcycle struck the middle of his car, after which he drove the automobile about twelve feet to fifteen feet farther and parked it on the north curb of Margaret Place.
Brockman testified that he was traveling north along Line Avenue at a speed of about twenty-five miles per hour and first saw the Calvin automobile in the act of slowing down in Herndon near its intersection with Line, and he reduced the speed of his motorcycle; that he did not again see the automobile until it was from fifteen to twenty feet directly in front of him, and in his lane of travel; that he immediately applied his brakes and attempted to turn to his right, but was unable to do so, with the result that his motorcycle struck the side of the automobile and he was thrown to the pavement, sustaining the injuries as above described.
The only other eyewitness to the incident was George L. Head, who was approaching the scene of the accident in his automoble and who testified that he did not see Brockman prior to the collision, but he did hear the exhaust of the motorcycle and heard the noise from the impact of the two vehicles. He said he observed Calvin as he crossed Line Avenue and Calvin at the time of the collision was in the act of commencing his turn or beginning to steer his automoble from Line Avenue into Margaret Place.
There is some conflict in the evidence as to the exact point of impact. This locus was fixed by Captain Swartzenberg, an investigating police officer who testified he found debris in Line Avenue and indicated the point of impact to be approximately twenty feet west of the southeast corner of Herndon Avenue. Both Calvin and Head fixed this point of impact as about twenty feet farther to the south and slightly west of the center line of Line Avenue. Irrespective of which point of impact is accepted as correct, it is apparent Calvin drove his car a distance of at least fifty feet prior to the collision and after he was last observed by Brockman at the stop sign on Herndon Avenue. If we fully accept the testimony of Calvin and Head, the Oldsmobile car was. driven even farther during which time there was no obstruction to prevent Brockman from observing every movement of the automobile.
*527 Likewise it is shown by the evidence that Calvin was in a position to have observed the movements of Brockman for a considerable distance as the -latter approached from the south. The testimony of both of these parties, however, shows that neither observed the other until the two vehicles were from fifteen to twenty feet apart.
The jurisprudence of this state has .on many occasions emphasized the duty of a motorist to maintain a constant lookout. A driver should at all times be on the alert, steadily watch road conditions ahead as they are revealed, and keep his vehicle under such control and maintain such speed as is commensurate with the circumstances, and the greater the known hazard, the greater should be the degree of care exercised. Rhea v. Daigle, La.App,1954, 72 So.2d 643; Potomac Insurance Company v. City of Alexandria, La.App.1953, 66 So.2d 22; Hogue v. Akin Truck Line, La.App.1944, 16 So.2d 366; Dyck v. Maddry, La.App. 1955, 81 So.2d 165.
As noted above it is evident neither Brockman nor Calvin was keeping a proper lookout. Brockman testified that after he observed the Calvin car about one hundred feet away, slowing down at the intersection, he did not thereafter observe it until it was immediately in front of him. There was no excuse for Brockman’s failure to keep on observing the movements of the Calvin car and his failure to do so constitutes an act of negligence which must be considered a proximate cause of the accident. If we accept plaintiff’s testimony that he was traveling less than twenty-five miles per hour, had he been maintaining a proper lookout and observed Calvin in the act of entering Line Avenue and crossing in front of him, he had ample opportunity to take steps which would have prevented the accident. We think Calvin likewise was negligent in failing to observe the presence of Brock-man until some fifteen to twenty feet from tire point of impact.
In view of our resolution that the accident resulted from the concurring negligence of both parties and that the negligence of plaintiff was a proximate "cause of the accident, plaintiff must be denied recovery.
For the foregoing reasons the judgment from which appealed, is affirmed' at appellant’s cost.