99 So.2d 408 (1957)
James W. GERRETS, Plaintiff-Appellant,
v.
Sam REED et al., Defendants-Appellees.
No. 8724.
Court of Appeal of Louisiana, Second Circuit.
December 19, 1957.
*409 Voltz & Voltz, Jules Davidson, Jr., Alexandria, for appellant.
Stafford & Pitts, Alexandria, for appellees.
HARDY, Judge.
This is a suit for personal injury and property damage resulting from an automobile collision. Plaintiff has appealed from the judgment in favor of defendants rejecting his demands.
The accident occurred at the intersection of Mason and Turner Streets in Alexandria in the afternoon of July 16, 1956. Plaintiff's Plymouth sedan, which he was driving east on Turner Street, was struck by a northbound Chevrolet pick-up truck driven by Sam Reed, owned by Morgan W. Walker and insured by Employers Liability Insurance Corporation, all of whom are named as defendants. By city ordinance Mason Street is accorded the right-of-way, and travel on Turner Street is required to stop before entering the intersection. A stop sign warning traffic approaching from the west was located near the southwest corner of the intersection at a point eleven feet seven inches west of the Mason Street curb line. Mason Street is thirty-six feet three inches in width and Turner Street thirty-two feet.
Plaintiff alleged that he brought his car to a stop shortly before reaching the stop sign, made observation both to the north and to the south along Mason Street, and, perceiving no approaching traffic, entered the intersection; that his car was struck broadside in the right center thereof by the northbound truck driven by Reed, causing the damages and inflicting the injuries for which recovery is sought. Plaintiff alleged numerous charges of negligence on the part of Reed as constituting the sole and proximate cause of the accident, primarily that Reed was exceeding the legally established maximum speed limit of twenty-five miles per hour; that he failed to make proper observation of approaching traffic and did not have his car under control. After averring his freedom from contributory negligence, plaintiff further alleged that Reed had the last clear chance to avoid the accident and failure to take advantage thereof rendered defendants liable in damages.
Defendants, in answer, denied negligence on the part of Reed, asserting that plaintiff's negligence in failing to look or failing to see what should have been seen, and in driving into the intersection in the path of the truck, was the proximate cause of the accident, and, alternatively, pleaded contributory negligence on the part of plaintiff.
After trial plaintiff filed an amended and supplemental petition, the only intent and effect of which was to change the plea of last clear chance, as stated in the original petition, to a plea in the alternative. The filing of this petition was allowed by order of the court but, upon motion of defendant and hearing thereon, the court recalled and rescinded its said order. Before this court counsel for plaintiff-appellant urges error with respect to the ruling of the district judge in refusing to allow the filing and allowance of the amended plea. A consideration of this case on its merits is essential to a determination of this appeal. Any pronouncement with respect to the allowance, vel non, of the amended pleading would be wholly academic in view of the conclusions which we have reached, the reasons for which are set forth below. It follows that any expression with respect to the technical point of pleading which is tendered by this question would be gratuitous and would unnecessarily *410 encumber this opinion. For this reason we pretermit any consideration of this point.
The principal testimony as to the facts surrounding the collision was given by Gerrets and Reed. Other testimony was offered on behalf of plaintiff by two witnesses who placed themselves in the vicinity of the accident, by the police officers who investigated the collision, and, on the part of defendant, by a witness who was a passenger in defendant's truck and two insurance adjusters who contacted plaintiff while he was confined to the hospital. On the whole, the testimony of the witnesses, aside from the two principals above named, has been of little value in throwing additional light upon the facts involved, and we find it necessary to resort to an analysis of the testimony of Gerrets and Reed, aided by the physical surroundings and circumstances, in the effort to resolve the pertinent factual issues.
Several important points were conclusively established. According to plaintiff's own testimony, after looking in both directions along Mason Street before entering the intersection, he made no further observation and was not aware of the presence of the approaching truck until the impact. We think this admission, in itself, is sufficient to establish negligence which was one of the proximate causes of the accident. A driver who enters and continues to traverse an intersection without making an effort to observe what could and should be seen, is guilty of actionable negligence. In other words, there is a continuing duty to exercise care and caution. Particularly is this true where the motorist is crossing a favored or right-of-way thoroughfare. Huerstel v. L. Mangano & Co., La.App., 39 So.2d 460; Broughton v. Touchstone, La.App., 72 So.2d 552; Sonnier v. U. S. Fidelity & Guaranty Co., La.App., 79 So.2d 635. In Chase v. Burley, La.App., 76 So.2d 587, our opinion attempted to emphasize the fact that the purpose of stopping at a stop sign is to permit the opportunity for a full and complete observation in both directions along the favored street. It is hardly necessary to set forth in words the quite obvious corollary that the act of making such observation must be continued in order to establish the assurance of safe passage across the favored highway.
Counsel urged that plaintiff preempted the intersection and was entitled by reason of this action to be accorded the right of way. The facts do not justify the conclusion of preemption, which doctrine depends for its application not upon a split-second prior entry but upon the reasonable assumption that the entire crossing can be made without obstruction or danger to opposing traffic. Harris v. Travelers Indemnity Co., La.App., 70 So.2d 235 (and cases cited therein); Broughton v. Touchstone, supra.
In connection with the facts of the instant case we think it is pertinent to observe that in our opinion a motorist is not entitled to the benefit of an assumption of safe passage across an intersection when he fails to see and observe that which could and should have been seen. To hold otherwise would have the effect of sanctioning a blind and unreasonable reliance upon a mere assumption which could easily have been dispelled by even the slightest degree of continued care.
In National Retailers Mutual Ins. Co. v. Harkness, La.App., 76 So.2d 95, 98, we had under consideration a case in which some of the facts were analogous to those established in the instant case. In the opinion we declared:
"It is undisputed that Miss Harkness moved into the intersection at a low rate of speed, and she herself testified that she could have stopped instantly if she had perceived the approach of the Gibson car. Certainly she could have observed such approach at a point where she had a clear and unobstructed view to the south and at *411 which point she could have brought her car to a stop. In short, we are convinced that Miss Harkness was guilty of negligence in failing to exercise that degree of caution which was commensurate with the existing condition, and she must be held negligent for her failure to see that which she was legally required to observe. There is no ground for argument on the point that Miss Harkness looked but once to her left, and she did so before actually entering the intersection. In negotiating the crossing of any intersecting street on which there is two-way movement of traffic the danger of interference with approaching traffic first comes from the left and a failure to make proper observation in this direction is unquestionably a convincing element of negligence.

"Counsel for defendant urges and cites authority to the point that Miss Harkness had the right to assume that Gibson would stop before entering the intersection. This might have been true if Miss Harkness had been on a right-of-way street and if Gibson had been required by any statute or ordinance to bring his vehicle to a stop before entering, but neither of these conditions is present. Further, we reject the argument in this respect because since Miss Harkness did not see Gibson's car at any time she had no ground for assuming anything in connection with it, and, certainly, she did not rely in the slightest degree on any such assumption. Such an assumption avails nothing on the part of Miss Harkness under the circumstances of the case." (Emphasis supplied.)
It is also definitely established and, for all practical purposes, it is conceded by counsel for defendants that Reed, the driver of the truck, was guilty of negligence in exceeding the maximum speed limit of 25 miles per hour. Estimates of the speed of the truck varied from 30 to 55 miles per hour according to the testimony. We think it was also established by a preponderance of the testimony that Reed applied his brakes, which took effect, as shown by the skidmarks, at a distance in excess of 20 feetvariously estimated as between 22 and 29 feetbefore the point of impact. This fact clearly indicates, considering the factor of reaction time, that Reed observed the danger of a collision when he was at a distance of more than sixty feet from the point of impact. At a speed of 25 miles per hourthe legal maximum limitReed would have been able to bring his vehicle to a stop within this distance. That fact conclusively establishes negligence on the part of the defendant, Reed, which, as a consequence, became a concurring proximate cause of the accident.
The question as to whether plaintiff brought his car to a stop before entering the intersection is disputed, but, conceding this point by accepting plaintiff's testimony to this effect, it is clear that he was guilty of negligence in failing to make further observation after setting his car in motion and actually entering the intersection. As best we can determine the distance and time factors, we think it is established that plaintiff had a clear and unobstructed view along Mason Street to the south for a distance of slightly more than 100 feet at the time he stopped before entering the intersection. After entering the intersection he traversed a distance of some 25 to 30 feet before the front end of his car reached the center line of Mason Street. During this period the range of his view to the souththat is to his rightalong Mason Street increased and there can be no possible question as to the conclusion that he could and should have seen the approach of the truck in more than sufficient time to have brought his own slow moving car to a stop. His lack of care in making this observation and seeing what could have been seen clearly constitutes negligence.
*412 As to the principle of last clear chance asserted and relied upon by plaintiff, we need only observe, under the facts as above delineated, the plea is inappropriate and untenable. It is not established that Reed could have taken any avoiding action after plaintiff's position of peril became obvious other than by application of his brakes. The record does contain some opinion evidence on the part of plaintiff's witnesses to the effect that the driver of the truck could have swerved to the left. This opinion is obviously based upon hindsight by parties who were not involved. Reed testified that when he first saw plaintiff's car in the intersection he thought the driver was going to stop and permit the truck to pass through the intersection, and, when he perceived that plaintiff was continuing his forward progress, it was too late to avoid the collision. We think this explanation was entirely reasonable under the facts.
For the reasons assigned the judgment appealed from is affirmed at appellant's cost.