HARDY, Judge.
This is a suit by plaintiff for the recovery of damages sustained by his automobile in an intersectional collision with á vehicle owned by defendant’s assured. From a judgment rejecting plaintiff’s demands he has appealed.
The accident occurred during the morning of January 2, 1957, at the intersection of North 18th and Olive Streets in the City of Monroe. Plaintiff was driving his Ford automobile north on North 18th Street, a right-of-way thoroughfare, and was struck by a Ford automobile operated by Mr. E. T. Cherry, who was driving west on Olive Street. The defendant is the liability insurer of the Cherry vehicle.
Plaintiff alleged a number of acts of negligence on the part of Mr. Cherry, of principal importance being a violation of *558 petitioner’s right-of-way and failure to keep a proper lookout. Defendant’s answer makes counter charges of contributory negligence against plaintiff, among which were the allegations of failure to keep a proper lookout and to exercise the proper degree of care.
There is no dispute as to the facts. Unquestionably, Mr. Cherry, a stranger in the City of Monroe, ran a stop sign on Olive Street and violated the right-of-way accorded traffic on North 18th Street. However, the record before us, and particularly the testimony of the parties involved, so conclusively establishes negligence on the part of both parties in failing to keep a proper lookout, and, indeed, in completely failing to make any observation for traffic before entering the intersection, that there can be no possible question as to the correctness of the judgment appealed from.
There is no evidence that either of the vehicles was being driven at an excessive rate of speed. The plaintiff testified, in part, as follows:
"Q. You say you never saw anyone driving, did you see the car before it hit you? A. No, I did not.
“Q. You never did see the car? A. No, I didn’t have a chance — I never • knowed what hit me.
“Q. Did you apply your brakes? A. I didn't have a chance.”
Mr. Cherry testified:
“Q. Did you ever remember seeing Mr. Marshall’s car? The other car that was involved in the accident? A. No, sir.”
According to the testimony of the parties involved, and the more explicit testimony of the police officer who investigated the accident, there was not the slightest obstruction to the view of either driver for a considerable distance of at least a block, and there were no weather conditions which diminished visibility at the time.
The conclusion is inescapable that both parties were guilty of gross negligence in failing to make any observation, and it follows that the judgment appealed from should be, and, accordingly, it is affirmed at appellant’s cost.