108 So.2d 16 (1958)
Tony MONTALBANO et ux., Plaintiffs-Appellants,
v.
Wayne E. HALL et al., Defendants-Appellees.
No. 8948.
Court of Appeal of Louisiana, Second Circuit.
December 19, 1958.
*18 T. C. McLure, Jr., Alexandria, for appellants.
Stafford & Pitts, Alexandria, for appellees.
AYRES, Judge.
This is an action in tort. Plaintiffs, husband and wife, seek to recover damages for personal injuries sustained by the wife, as well as hospital and medical expenses incurred, and for property damages to the family automobile as the result of a motor vehicle collision at the intersection of Chester and Albert Streets in the City of Alexandria. The defendants are Wayne E. Hall, the driver of the alleged offending automobile, his employer and the employer's public liability insurer.
Negligence charged to defendant Hall consists, inter alia, of his failure to maintain a proper lookout to keep his vehicle under control, and to yield or accord the right of way to plaintiff, who had allegedly entered and pre-empted the intersection. Counter charges of negligence against plaintiff, Mrs. Montalbano, allegedly constituting to the sole cause of the accident, or, in the alternative, a contributing cause thereof, are that she was traveling at an excessive rate of speed in violation of ordinances of the City of Alexandria and failed to make proper observation before entering the intersection or to slow down or stop in order to avoid the collision.
The trial court reached the conclusion that Mrs. Montalbano was at fault in not maintaining a proper lookout and, accordingly, rejected plaintiffs' demands. From the judgment thus rendered and signed, plaintiffs now prosecute an appeal to this court.
Presented for determination are questions of fact, concerning which there is little, if any, dispute. These questions pertain to the right of way, the pre-emption of the intersection, and proper observation on the part of the driver of plaintiffs' car. The principal facts existent at the scene of the accident, which occurred about 11:15 o'clock A.M. July 17, 1956, at the intersection of Chester and Albert Streets, may be briefly stated. Both streets are main city thoroughfares and are surfaced with either brick or concrete paving. At the time of the accident the weather was clear and the streets dry. Traffic was normally controlled by electric signal lights, which, however, at the *19 time, were not in operation. No stop signs were erected indicating either street had a superior right of way over the other; nor were any City ordinances introduced making such a designation. The course of Chester Street is generally northwest and southeast. The intersection with Albert Street is at right angles, near the northeast corner of which is a large hedge obscuring the view of motorists on both streets as they approach this intersection from the directions in which Mrs. Montalbano and Hall came.
Mrs. Montalbano testified that as she approached the aforesaid intersection she was traveling at a speed of 25 to 30 miles an hour; that as she neared the intersection she discovered the traffic light was not in operation, whereupon she reduced her speed to approximately 20 miles per hour, looked in both directions on Albert Street and, seeing no approaching traffic, proceeded into the intersection. Upon the rear of her automobile reaching the center of the intersection, her vehicle was struck near the right front door by the automobile driven by defendant Hall, who approached the intersection from plaintiff's right on Albert Street. Mrs. Montalbano also testified that she never saw the other car until the collision occurred. She did not even know, at the time, where the car came from.
The testimony of Hall is that he was traveling at 20 to 25 miles an hour as he approached the intersection, and, because of the existence of the aforesaid hedge, he was only 15 to 20 feet from the intersection when he saw the other vehicle proceeding at approximately the same rate, whereupon he immediately applied his brakes and almost brought his vehicle to a stop before the collision. His vehicle stopped immediately, but plaintiffs' automobile proceeded across the intersection and came to rest on the left side of Chester Street. Hall further testified that, on seeing the traffic light was not in operation, he assumed he had the right of way.
Under the aforesaid state of facts, it could not be said that Mrs. Montalbano had the right of way at the intersection. The Highway Regulatory Act, LSA-R.S. 32:237, subd. A, provides that when two vehicles approach or enter an intersection at approximately the same time, the driver approaching from the right shall have the right of way. In the absence of a city ordinance providing for the priority of right of ways on intersecting streets, the aforesaid statute is held to apply to city streets. Brazzel v. Farrar, La.App., 61 So. 2d 517. Application of the statute would also appear appropriate where traffic was not controlled by automatic signal devices, whether such signals were non-existent or temporarily out of operation. Therefore, the Hall vehicle was, by law, given the right of way over a vehicle approaching the intersection from his left at approximately the same time.
As a consequence of this, it was incumbent upon Mrs. Montalbano to accord to Hall the right of way, unless it can be said that she had pre-empted the intersection. Under the right of pre-emption, a motorist approaching an intersection has the right of way over oncoming traffic only if the motorist exercises the necessary precautions in determining that he can enter with a reasonable certainty of crossing the intersection safely. Oswalt v. Transcontinental Insurance Co. of New York, La. App., 96 So.2d 233; Harris v. Travelers Indemnity Co. of Hartford, Conn., La.App., 70 So.2d 235; Gerrets v. Reed, La.App., 99 So.2d 408.
In the Harris case, this court observed [70 So.2d 237]:
"Under the well-established interpretation with reference to the conflict of rights of automobile vehicle drivers, it is essential to again determine and apply the legal definition of preemption. Notwithstanding the fact that there are some pronouncements in some cases in the jurisprudence of our state *20 which would appear to define preemption as dependent upon a mere showing of first entrance into an intersection, We think by far the better rule, and one which is now completely accepted, clearly requires the interpretation of preemption to be the entrance of an intersection with the normal and reasonable opportunity and expectation of clearing such intersection without obstruction to the crossing thereof by other vehicles; Butler v. O'Neal, La. App., 26 So.2d 753; Aucoin v. Houston Fire & Casualty Co., La.App., 44 So.2d 127; Hooper v. Toye Bros. Yellow Cab Co., La.App., 50 So.2d 829." (Emphasis supplied.)
According to plaintiff's own testimony, although she said she looked in both directions for approaching traffic on Albert Street, she did not see the Hall automobile approaching to her right until almost precisely at the time of the impact. The decisions of the courts of this State are replete with pronouncements as to the duty and obligations of motorists to be observant at all times and constantly on the alert. Even where a motorist has a superior right of way, he is not relieved from the duty of looking in the direction from which others may be expected to come, and where the accident could have been prevented by the mere observation of traffic conditions, he who fails to look cannot recover, though the other party was grossly at fault. Johnson v. Item Co., 10 La. App. 671, 121 So. 369. Nor is a motorist proceeding on a favored street, much less on an unfavored street, warranted in proceeding into and across intersections without maintaining a proper lookout and in disregard of the rights of those who are or may not be observing the traffic laws, as every motorist is presumed to see, and is charged with the duty of seeing, that which he could have and ought to have seen. Prudhomme v. Continental Casualty Co., La.App., 169 So. 147; Commercial Credit Corp. v. Morris, La.App., 107 So.2d 563. Neither is a motorist relieved of the duty of maintaining an adequate lookout at intersections by virtue of a superior right of way. Holderith v. Zibermann, La.App., 151 So. 670; Pugh v. Henritzy, La.App., 151 So. 668; Murphy v. Star Checker Cab, La.App., 150 So. 79; Hamilton v. Lee, La.App., 144 So. 249; Johnson v. Item Co., supra.
It is obvious, therefore, a greater duty devolves upon a motorist in maintaining an adequate lookout at intersections wherein he is proceeding upon a street of an inferior right of way.
While proceeding at approximately 20 to 25 miles per hour, as she approached the intersection, Mrs. Montalbano was culpably negligent in failing to observe the approach of the defendant's vehicle. Whatever observation she made of traffic approaching from her right was ineffective, as she so admits in her testimony, wherein she says she never saw that vehicle until almost at the time of the very impact of the collision. A driver who enters and continues to traverse an intersection without making an effort to observe what he could have and should have seen is guilty of negligence, at least, contributing to the occurrence of the accident. There is a continuing duty to exercise care and caution. Particularly is this true where the motorist is crossing a favored or right of way thoroughfare. Huerstel v. L. Mangano & Co., La.App., 39 So.2d 460; Broughton v. Touchstone, La.App., 72 So. 2d 552; Sonnier v. U. S. Fidelity & Guaranty Co., La.App., 79 So.2d 635; Gerrets v. Reed, supra.
It appears pertinent to observe, from the facts established in this case, that a motorist is not entitled to the benefit of an assumption of safe negotiation of an intersection when he fails to see and observe that which could have and should have been seen. As stated in Gerrets v. Reed, supra, to hold otherwise would have the effect of sanctioning a blind and *21 unreasonable reliance upon a mere assumption, which could easily have been dispelled by even the slightest degree of continued care.
In Currie v. Government Employees Insurance Co., La.App., 90 So.2d 482, it was held that where both motorists approached an intersection controlled by automatic signals at a speed of less than 25 miles per hour, each was culpable in failing to observe the other, notwithstanding that one had the traffic light in his favor. Brockman v. Calvin, La.App., 90 So.2d 525; Starnes v. Mury, La.App., 90 So.2d 901.
From the above recited facts and the aforesaid principles of law governing the issues presented for determination, it could only be concluded that Mrs. Montalbano did not have a superior right of way over the approaching Hall vehicle, nor did she have a right of way by a pre-emption of the intersection, as clearly she did not enter the intersection sufficiently in advance of defendant Hall to justify a reasonable belief or anticipation that she could negotiate the intersection in safety or without endangering or obstructing approaching traffic. The conclusion is likewise inescapable that she did not make proper observation as, otherwise, she would have seen the approaching vehicle on a favored street only a short distance away.
Moreover, the rule is well established in the jurisprudence that the findings of the trial court upon questions of fact are entitled to great weight and that when only issues of fact are involved, it is incumbent upon the appellant to show manifest error in the judgment in order to secure a reversal of the decision from which he appeals. Currie v. Government Employees Insurance Co., supra; Commercial Credit Corp. v. Morris, supra. And, it can only be concluded in the instant case they have failed in that respect.
Accordingly, the judgment appealed is affirmed at appellants' cost.
Affirmed.