AYRES, Judge.
This action ex delicto is predicated upon an intersectional automobile collision. Plaintiffs are husband and wife. Plaintiff, Mrs. Mary Henderson, seeks to recover damages for personal injuries and plaintiff, L. P. Henderson, seeks to recover for hospital and medical expenses incurred and for the loss of his wife’s earnings as the result of the accidental injuries sustained by her.
The accident occurred at the intersection of Corbitt and Fairfax Streets in the City of Shreveport at approximately 5:30 o’clock P.M. February 3, 1958. One of the vehicles involved was a Mercury automobile owned by Frank W. Harmon, driven and operated at the time by his wife, Mrs. Betty W. Harmon, who was accompanied by plaintiff, Mrs. Henderson, as a guest passenger. The other vehicle concerned was a 1955 model Lincoln automobile owned by L. G. Palmer, driven and operated at the time by his minor son, Neal Frederick Palmer. The defendants are the Central Mutual Insurance Company and the Firemen’s Insurance Company, the public liability insurers, respectively, of the Harmon Mercury and of the Palmer Lincoln.
On trial the issues were submitted to a jury. In accordance with its verdict there was judgment in favor of Mrs. Mary Henderson for $3,000 and in favor of L. P. Henderson for $435, plus interest, against both defendants, in solido. The defendant, Central Mutual Insurance Company, appeals both suspensively and devolutively from the judgment rendered against it. Plaintiffs appeal from that portion of the judgment against Firemen’s Insurance Company. They have also answered the appeal of the Central Mutual Insurance Company praying that the awards be increased. Firemen’s Insurance Company has neither appealed nor answered plaintiffs’ appeal.
*353 The scene or locale of the accident may be briefly described. Corbitt Street takes a general east and west course. Fairfax Street intersects it at right angles. The former is the favored street, right of way having been conferred by city ordinance. Stop signs are posted on Fairfax near its intersection with Corbitt Street.' The Harmon car was proceeding in a westerly direction on Corbitt Street, the Palmer car south on Fairfax. The accident occurred in the intersection. The Harmon car came to rest in the southwest quadrant of the intersection. After the accident both cars were at rest facing approximately opposite the direction in which they were traveling. Neither car can be said to have been operating at excessive speed. While the speed limit was shown to have been 25 miles per hour, the testimony is that both cars were traveling at approximately that rate. There is, however, some evidence in the record tending to show that the Harmon car may have been proceeding at as much as 35 miles per hour.
Inasmuch as the defendant, Firemen’s Insurance Company, neither appealed nor answered plaintiffs’ appeal, the questions or issues as to the fault and negligence of the driver of the Palmer automobile and of that defendant’s liability are foreclosed and are no longer before the court. In passing, however, it may be observed that the correctness of the verdict of the jury and of the judgment of the court as to Palmer’s liability has been most convincingly established by the record. The driver admitted to the police officers and as a witness on the trial of the case that he did not stop before reaching Corbitt Street but proceeded into the intersection without maintaining a proper lookout or making proper observation. Moreover, he testified he did not see the Plarmon car until momentarily before the accident. The only issue, therefore, before the court as concerns this defendant is one of quantum.
Negligence charged against Mrs. Harmon, plaintiff’s host, consists of her failure to maintain a proper lookout or to stop her car or to take other action to prevent the accident when she saw, or should have seen by the exercise of due diligence, the entry of the Palmer car into the intersection in disregard of its inferior right and without the driver heeding the stop sign. Each of the defendants alleges and contends that the accident was caused by the fault and negligence of the driver of the opposing vehicle.
The defendant, Central Mutual Insurance Company, in the alternative, pleads contributory negligence against plaintiff, Mrs. Mary Henderson, in that she failed to maintain a proper lookout and timely warn the driver of the car in which she was riding.
Primarily, questions of fact are involved, the first as to the negligence vel non of Mrs. Harmon. There was no obstruction to her view as her car approached the intersection. She had full view of traffic on the intersecting street for a considerable distance, as did the driver of the other vehicle. Mrs. Harmon testified, reiterated and emphasized that she never once looked up Fair-fax Street to see if there was any traffic approaching the intersection. As she was entering the intersection crossing the curb line of Fairfax, she observed for the first time the approach of the Palmer automobile passing the stop sign, whereupon she applied her brakes and swerved her car slightly to her left, the front of her car striking about the center of the left side of the other. Thus, it is seen that Mrs. Harmon was operating her automobile on a right of way street and at a reasonable and moderate rate of speed. Under these circumstances, the question is whether her failure to keep and maintain a proper lookout was a substantial dereliction of duty and such a direct factor that, without it, the accident would not have occurred. It has been stated that in gauging the fault which may be attributable to a motorist who was operating his vehicle in obedience to positive law one should be convinced that the dereliction was most substantial and that it was such a direct factor that, without it, the accident would not have occurred. Kientz v. *354 Charles Dennery, Inc., 209 La. 144, 24 So.2d 292; Wood v. Manufacturers Casualty Ins. Co., La.App., 107 So.2d 309.
No reason has been shown why Mrs. Harmon could not have seen the Palmer automobile approaching the intersection and running the stop sign had she looked and made timely and proper observation of traffic approaching the intersection. The record leaves' no doubt there was no obstruction to her view. Whatever the operator of a motor vehicle can see, or should see, by the exercise of reasonable observation and precaution, he is charged with having seen. His failure to see what he could have seen by the exercise of due diligence does not absolve him from liability. Jackson v. Cook, 189 La. 860, 181 So. 195. The decisions of the courts of this State are replete with pronouncements as to the duty and obligation of motorists to be observant at all times and constantly on the alert. Such duty never ceases. Nor is a motorist relieved of the duty of looking in the direction from which others may be expected to come by virtue of his superior right of way. In such instances, where the accident could have been prevented by the mere observation of traffic conditions, he who fails to look cannot recover, though the other party was grossly at fault. Johnson v. Item Co., 10 La.App. 671, 121 So. 369; Montalbano v. Hall, La.App., 108 So.2d 16. Neither is a motorist relieved of the duty of maintaining an adequate lookout at intersections by virtue of a superior right of way. Johnson v. Item Co., supra; Hamilton v. Lee, La.App., 144 So. 249; Murphy v. Star Checker Cab, Inc., La.App., 150 So. 79; Pugh v. Henritzy, La.App., 151 So. 668; Holderith v. Zilbermann, La,App., 151 So. 670; Sullivan v. Locke, La.App., 73 So.2d 616,
This court, in Prudhomme v. Continental Casualty Co., La.App., 169 So. 147, 152, very appropriately stated:
“The superior privilege of right of way does not confer license to disregard fundamental rules instituted for the protection and safety of persons motoring on public highways. The privilege does not warrant the assumption on the part of its possessor that every other person is going to recognize such right under all circumstances. He is not justified, because of such superior right, to heedlessly and carelessly drive his car at a rapid speed into and over road crossings and intersections, without due regard for the rights of those who may or may not be observing the traffic laws. A, motorist is presumed to see that which he could have and ought to have seen.”
It was likewise held in Transcontinental Insurance Co. v. Toye Bros. Yellow Cab Co., La.App., 55 So.2d 585, 587, and in Kerschner v. Blache, La.App., 52 So.2d 749, that when an intersectional collision occurs between two motor vehicles and the operators thereof charge each other with negligence, there can be no recovery by the litigant who initiates the suit if that party, by the exercise of due diligence and reasonable care, could have avoided the accident.
In New Hampshire Fire Ins. Co. v. Bush, La.App., 68 So.2d 254, 256, this court, concerned with the question of the vigilance of a driver of a motor vehicle on a superior right of way street, observed that the appellant’s defense rested upon the generally accepted rule that where a motorist enters an intersection under the protection of being on a favored street or facing a favorable light, it is negligence to fail to notice another vehicle moving in violation of the traffic right of way, and stated:
“In recognition of this principle our courts on several occasions have held that even the protection of a favorable light does not relieve the operator of a vehicle from all obligation, and that such a driver should see what any ordinary prudent person would see, and should act as an ordinary prudent person should act. * * *.
“The foregoing principle, however, has application only where it appears *355 the circumstances are such that a person exercising only slight care would have noticed the other vehicle and where it appears also that had the other vehicle been noticed it would have been apparent to the operator of the favored vehicle that the operator of the other car either could not or would not stop. This is said to mean that a strict or an extraordinary obligation is not placed upon a favored operator but notwithstanding his position he may not blindly proceed into obvious danger which even one exercising slight care would have noticed and would have avoided.” (See the authorities therein cited.)
In this connection, it was stated in Sullivan v. Locke, supra [73 So.2d 621]:
“It is not placing a strict or an extraordinary obligation upon a motorist on a right of way street to exercise a mere slight care and precaution in observing approaching traffic, and where plaintiff’s driver did not at all look for approaching traffic, but merely straight ahead and did not see that which was there for her to see, she did not exercise the slightest care in that regard.”
Such was also the holding in Thomas v. Roberts, La.App., 144 So. 70. There it was held that a motorist, who drove into an intersection without looking for the approach of other vehicles and was struck by a truck which had entered the intersection at excessive speed against a red light in violation of city ordinance, was contributorily negligent, precluding recovery.
Under the circumstances established to exist in the instant case we would not be justified in holding that Mrs. Harmon was not under some duty and responsibility of making some, even though slight, observation at the intersection. The conclusion is inescapable that had Mrs. Harmon been observant, diligent and alert she would have seen the Palmer car in time, at her rate of speed, to have slowed her own car or stopped it and thereby to have avoided the accident. Accordingly, her negligence, in the above mentioned respects, concurred with that of Palmer in causing the accident and was a proximate cause thereof. Her dereliction of duty in the aforesaid respects, particularly in making no observation at all before entering or at the time she entered the intersection was most substantial and, without it, it can only be reasonably concluded the accident would not have occurred. Comparatively, however, her negligence was not as great as that of Palmer, who ran the stop sign and entered the intersection of a favored street without keeping or maintaining a proper lookout or making proper observation. Nevertheless, without her negligence, the collision would not have happened.
In Currie v. Government Employees Insurance Co., La.App., 90 So.2d 482, it was held that where both motorists approach an intersection controlled by automatic signals at a speed of less than 25 miles per hour, each was culpable in failing to observe the other, notwithstanding that one had the traffic light in his favor. See also — Brockman v. Calvin, La.App., 90 So.2d 525; Starnes v. Mury, La.App., 90 So.2d 901; Montalbano v. Hall, supra; Marshall v. Aetna Casualty & Surety Co., La.App., 107 So.2d 557.
Defendants rely upon the proposition that superior traffic is entitled to rely upon the assumption that traffic on an inferior thoroughfare will respect the superior right of way and cite in support thereof, among other authorities, Rhodes v. Rowell, La.App., 106 So.2d 820. In that case the court was convinced that defendant Rowell was making careful observation of the situation confronting her and that she took timely and appropriate action as soon as it became evident that the driver of the car in which Mrs. Rhodes was a guest intended to continue the movement of his car into the intersection. There the principle was recognized that after the superior motorist observes the approach of intersectional traffic and should reasonably realize its approach will continue and will obstruct the *356 superior motorist’s passage across the intersection, it is negligence for him to continue.
The question of Mrs. Henderson’s contributory negligence was neither briefed nor argued in this court and, therefore, the contention may he considered as abandoned. In that regard we may say that our review of the record fails to disclose any basis for the plea. At the time of the accident Mrs. Henderson was holding one of Mrs. Harmon’s six month old twin babies, another guest in the rear seat was holding the other. There is no evidence but that Mrs. Harmon was a careful driver. Nothing had been done by her indicating that she was non-observant or not keeping a proper lookout; nevertheless, Mrs. Henderson observed the approach of the Palmer car and gave immediate warning to Mrs. Harmon.
Finally for consideration is the question of award. Four experts testified with reference to the injuries sustained by Mrs. Henderson. Dr. Irwin J. Rice, a surgeon, and Dr. Heinz K. Faludi, a neurosurgeon, testified on behalf of the plaintiff. Both were consulted by plaintiff immediately following her injuries and treated her therefor. Dr. James H. Eddy, Jr., a surgeon, and Dr. Willis J. Taylor, an orthopedic surgeon, testified on behalf of the defendants. Their testimony related to their findings as the result of examinations made at the request of the defendants.
Dr. Rice administered first aid at the hospital shortly after the accident. Mrs. Plenderson was in a dazed condition. There was a laceration on the left side of her forehead from 1 to 1]4 inches long. She sustained a contusion of her head, with noticeable swelling. The laceration was sutured. His advice was that she remain in the hospital, but, due to her small child, she returned home, after which, however, she returned to the hospital and was there confined and treated for approximately 7 days. The sutures were removed in about 10 days and in 3 weeks the laceration was healed. The scarring was described as minimal due to its coincidence with lines of the forehead. In addition, Mrs. Henderson sprained both right and left ankles, with contusions and abrasions to her right leg and a contusion of the chest. Internally one of her kidneys was injured and blood emitted therefrom. She experienced and complained of pain and limitation of motion in her neck. There was evidence of muscle spasm and tenderness in the area of the cervical spine. The injury resulted in occipital neuralgia and diffused headaches, which she had not theretofore experienced but which appeared, as of the doctor’s last examinations, to be decreasing in both intensity and frequency. That plaintiff suffered considerable pain, continuing for a considerable period, was amply established. The physical findings were consistent with plaintiff’s pain and discomfort. From this and our review of the record, we have been unable to discover any manifest error in the award for Mrs. Henderson’s injuries. We do not consider the award either excessive or inadequate.
The special damages in favor of plaintiff, L. P. Henderson, total $435.22. Further medical expense is indicated and established to be from $100 to $200, or possibly more. Under the proof adduced, we think the award should be increased to as to include the allowance of the minimum of the aforesaid estimated future medical expenses.
Plaintiffs contend, however, that an award should be made for plaintiff’s loss of wages. The evidence shows that at the time Mrs. Henderson was not employed. Her employment terminated in August, 1957. The accident occurred February 3, 1958. During the prior period of her employment, her earnings were $220 per month. She applied for work in October, 1957, but had not succeeded in securing employment. There is no basis upon which this claim could be legally predicated. There is no evidence beyond mere conjecture from which any loss could be determined. Her future employment was in *357 definite and uncertain, as was any rate of pay therefor.
For the reasons herein assigned, the judgment appealed is amended by increasing the award in favor of plaintiff, L. P. Henderson, to $535.22 and, as thus amended, is affirmed.
The defendants are cast with the costs, including the cost of the appeal.
Amended and affirmed.
HARDY, J., absent.